IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETTORE DRAGONE | : |
| Plaintiff, | : |
| v. | : NO. |
| JERSEY DEVIL TRUCKING, LLC AND ZACHARY PEW | : |
| Defendants. | : |

## NOTICE OF REMOVAL

**TO:** Johnny Robertson, Esquire
Robertson Rubens & Associates
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that on January 19, 2022, Jersey Devil Trucking, LLC and Zachary Pew, filed the within Notice of Removal in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.

The Notice of Removal is also being filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. §1446(d).

A Praecipe to Remove the case from the Philadelphia County dockets will be filed after the Federal Court assigns this matter an appropriate civil action number.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*William Brennan*
John M. Campbell, Esquire
William M. Brennan, Esquire
Attorney ID No. 53349/306930
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
wbrennan@c-wlaw.com
Attorneys for Defendants,
Jersey Devil Trucking, LLC and Zachary Pew

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETTORE DRAGONE | : |
| Plaintiff, | : |
| v. | : NO. |
| JERSEY DEVIL TRUCKING, LLC AND ZACHARY PEW | : |
| Defendants. | : |

## DEFENDANTS JERSEY DEVIL TRUCKING, LLC AND ZACHARY PEW'S PETITION FOR REMOVAL

To:   The Honorable Judges of the Eastern District of Pennsylvania

Defendants Jersey Devil Trucking, LLC and Zachary Pew by and through their undersigned counsel, respectfully submit the following Petition for Removal in the above referenced matter currently pending in the Philadelphia County Court of Common Pleas and in support thereof, state:

1. This case involves a motor vehicle accident which occurred on September 16, 2019 on Interstate 76 in Philadelphia County, Pennsylvania.

2. This action was commenced by way of a Praecipe to Issue a Writ of Summons, docket number 2109008756, filed on September 7, 2021. See Exhibit A, a copy of the praecipe.

3. The writ was reissued on October 4, 2021.

4. Service of the writ was accepted by the undersigned counsel on November 11, 2021. See Exhibit B, a copy of the proof of service.

5. The complaint was filed on December 23, 2021. See Exhibit C, a copy of the complaint and Exhibit D, a copy of the acceptance of service dated December 24.

6. The process by which a removal petition is evaluated was codified in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which amended 28 U.S.C. § 1446. See Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 503 n.7 (3d Cir. 2014).

7. A notice of removal in a civil action must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). See also Di Loreto v. Costigan, 351 Fed. Appx. 747, 752 (3d Cir. 2009).

8. The initial filing for this claim was the writ of summons which contains no information with regard to value of the claim. See Exhibit A.

9. The Third Circuit has been clear that writs of summons do not trigger the time to remove. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005).

10. The Courts have uniformly held that where no complaint has been filed and only the writ has been served, the federal courts lack jurisdiction. Scimone v. Nationwide Mutual Ins. Co., 2021 WL 3173163 (E.D.Pa. July 27, 2021) ("Without a complaint, Defendant is unable to meet its burden to establish that this Court has subject matter jurisdiction.") and Campbell v. Oxford Electronics, Inc., 2007 WL 2011484 (E.D.Pa. July 6, 2007) ("The initial pleading described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet.")[1]

11. Therefore, the thirty (30) day period within which to file for removal started upon the service of the complaint, which would have been December 23, 2021, and this notice is timely under 28 U.S.C. § 1446(b).

---

[1] All unreported cases are attached at Exhibit E.

12. The Eastern District of Pennsylvania is the proper venue for removal since this matter was filed in Philadelphia County. 28 U.S.C. § 1446(a).

13. This Honorable Court has jurisdiction pursuant to 28 U.S. § 1441(b).

14. Plaintiffs is citizen of Pennsylvania. See Exhibit C, ¶¶1.

15. Zachary Pew is a New Jersey citizen. See Exhibit C, ¶2 and Exhibit F, a copy of Zachary Pew's declaration in support of removal. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("A natural person is deemed to be a citizen of the state where he is domiciled.")

16. It is well established that a limited liability company such as Jersey Devil Trucking, LLC is a citizen of each of its members. Zambelli, supra, 592 F.3d at 420.

17. Jersey Devil Trucking, LLC's members are all New Jersey citizens and therefore, Jersey Devil Trucking, LLC is a New Jersey citizen. See Exhibit G, a copy of Edward Pew's declaration on behalf of Jersey Devil Trucking, LLC.

18. Therefore, for the purposes of diversity jurisdiction analysis, Defendants are citizens of New Jersey and Plaintiff is a citizen of Pennsylvania.

19. Therefore, complete diversity of citizenship exists. 28 U.S. § 1332(a)(1).

20. For removal, in addition to diversity, the amount in controversy must be in excess of $75,000. 28 U.S. § 1332(a).

21. 28 U.S. § 1446(c)(2) established the procedure to use when performing an analysis of the amount in controversy:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that:

3

  (A) the notice of removal may assert the amount in controversy if the initial pleading seeks

    (i) nonmonetary relief; or

    (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

  (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

22. In Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84 (2014), the Supreme Court explained that when the complaint does not state the amount in controversy, the defendant's notice of removal may do so.

23. Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated and therefore, a plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration. Intzekostas v. Atria Ctr. City, 2020 WL 7769736, at *6-7 (E.D. Pa. Dec. 29, 2020).

24. Defendants are required to present sufficient proofs in the removal petition that that amount in controversy reaches the $75,000.00 threshold by preponderance of the evidence. Dart, supra, 574 U.S. at 89 (holding that the removal notice must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

25. Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." Frederico v. Home Depot, 507 F.3d 188, 196 n.6. (3d Cir. 2007).

26. The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Werwinski v.

4

Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002). See also Hatchigian v. State Farm Ins. Co., 2013 WL 3479436, at *2 (E.D. Pa. July 13, 2013).

27. It is the defendant's burden to establish by a preponderance of the evidence that the requisite jurisdictional amount is met after presenting evidence and having the Court consider arguments. Sharawi v. WWR Premier Holdings, LLC, 2020 U.S. Dist. LEXIS 3649, at *8-9 (E.D. Pa. Jan. 7, 2020).

28. A defendant is "not obligated to research, state, and prove plaintiff's claims for damages, they must present facts sufficient to establish that plaintiff would more likely than not recover more than the jurisdictional amount." Dsida v. Esposito, 2021 U.S. Dist. LEXIS 161463, at *6 (W.D. Pa. Aug. 26, 2021).

29. A defendant can base this certainty using the allegations in the complaint. Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004).

30. If the Petition's assertions go unchallenged, they are admitted as meeting the jurisdictional threshold. Dart, supra, 574 U.S. 87.

31. If there is a challenge to jurisdiction from either the opposing party or the Court *sua sponte*, the Court must conduct an evidentiary hearing wherein it reviews **both** the removal notice and the complaint to determine whether the amount-in-controversy requirement has been met by a preponderance of the evidence as well as other evidence. See 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). See also Dart, supra, 574 U.S. at 88. ("If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.")

32. Plaintiff alleges that she sustained extreme physical suffering, pain and suffering, and post-traumatic stress disorder. See Exhibit C, ¶24.

33. Plaintiff claims he has expended money to pay for medical expenses, will need to spend additional sums in the future, that he was unable to attend to her usual and daily duties, and that the suffered the loss of life's pleasures. See Exhibit C, ¶¶25, 26, and 29.

34. Plaintiff specifically claims that he sustained injuries as follows: severe neck pain, cervical pain with pain radiating to his head, upper-back, lower back, hips and knees, right arm numbness, right arm pain, mobility and loss of strength issues with right arm, concussion, post-concussion syndrome, severe headaches, nausea, dizziness, short term memory loss, concentration deficits, severe anxiety, fatigue, and depressions. See Exhibit C, ¶28.

35. Plaintiff has also supplied medical bill information indicating that Plaintiff underwent a multi-level cervical laminectomy and rhizotomy on May 2020. See Exhibit H, a copy of various medical records.

36. Plaintiff has undergone 54 visits to the chiropractor from September 25, 2019 to January 4, 2021, 53 visits to the physical therapist from September 25, 2019 to December 20, 2020, had a left shoulder MRI which showed partial thickness tear to posterior fibers of supraspinatus at footplate with mild superimposed tendinitis, a lumbar MRI which showed a herniation at L4/5, and a cervical MRI which showed bulging at C5/6. See Exhibit H.

37. Plaintiff's doctor, Nirav Shah, has opined that Plaintiff will need additional surgery in the future including stabilization of the spine with screws and rods. See Exhibit H.

38. Plaintiff asserts that the damages are "in excess of one million ($1,000,000.00) dollars" together with punitive damages, interest, costs, and damages for delay. See Exhibit C.

6

39. Therefore, there is a legal certainty that the damages are in excess of $75,000.00. See Brent v. First Student, Inc., 2020 WL 2545328 (E.D. Pa. May 20, 2020) ("Allegations of serious and permanent physical injuries resulting in 'loss of earnings and impairment of earning capacity and medical costs' are sufficient to establish that the jurisdictional minimum is met.") (internal citations omitted). See also Lewis v. FCA U.S. LLC, 2015 WL 3767521 (E.D. Pa. June 17, 2015) (finding that the amount in controversy exceeded $75,000 where plaintiff's injuries included lumbosacral sprain and strain, and medical care and treatment).

**WHEREFORE**, Defendants Jersey Devil Trucking, LLC and Zachary Pew respectfully request this matter be removed from the Philadelphia County Court of Common Pleas to the Eastern District of Pennsylvania.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*/s/ William Brennan*
John M. Campbell, Esquire
William M. Brennan, Esquire
Attorney ID No. 53349/306930
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
wbrennan@c-wlaw.com
Attorneys for Defendants,
Jersey Devil Trucking, LLC
and Zachary Pew