# EXHIBIT C

**ROBERTSON RUBENS &ASSOCIATES**
**JOHNNY ROBERTSON, ESQUIRE**
Identification No. 53732
1845 Walnut Street, 21st Floor
Philadelphia, PA  19103
(215) 567-8300

This is a Majority Casted by the
Office of Judicial Records
23 DEC 2021 09:09 am
M. RUSSO

**Attorney for Plaintiff**

| | |
|---|---|
| ETTORE DRAGONE<br>201 S. 18th Street<br>Philadelphia, Pa 19103 | **COURT OF COMMON PLEAS**<br>PHILADELPHIA COUNTY |
| v. | **SEPTEMBER 2021** |
| JERSEY DEVIL TRUCKING, LLC<br>4061 Drosera Avenue<br>Mays Landing, NJ  08330 | No. 210900392 |
| And | JURY TRIAL DEMANDED |
| ZACHARY PEW<br>P.O. Box 2<br>Richland, NJ 08350-0002 | |

## COMPLAINT

AND NOW, comes the Plaintiff, Ettore Dragone, by and through his undersigned attorney, and files the following Complaint in a Civil Action (post filing of a Writ of Summons on September 8, 2021) and in support thereof avers the following:

1. Plaintiff, Ettore Dragone ("Plaintiff" or "Dragone"), is an adult individual, who at all times material hereto, has resided at 201 S 18th Street, Philadelphia, Pennsylvania 19103 and was the operator of his vehicle when it was violently struck from behind by Defendants' tractor-trailer on the Schuylkill Expressway, Philadelphia, as more fully described below.

2. Defendant, Jersey Devil Trucking LLC ("JDT" or "Defendant") is an interstate carrier and corporation authorized and existing under the laws of the State of New Jersey with offices located at 4061 Drosera Avenue, Mays Landing NJ 08330.

3. Defendant Zachary Pew ("Pew" or "Defendant"), is always an individual who material hereto has resided in New Jersey at P.O. Box 2, Richland, NJ 08350-0002 and

   a. was the operator and truck driver operating a tractor-trailer under the DOT authority of Defendant JDT;

   b. was within the course and scope of his employment as an agent, servant, employee and/or workman of JDT;

   c. was acting under the direction and control of JDT at the time of the aforesaid accident; and

   d. received a citation for driving at an unsafe speed and caused the accident more fully described herein.

4. JDT is an interstate carrier engaged in the business of commercial transportation and owns, operates, and maintains motor vehicles, which are operated on the roadways of the Commonwealth of Pennsylvania, including Philadelphia and surrounding counties.

5. The events hereinafter complained of occurred on September 16, 2019, at or about 12:36 PM on the Schuylkill Expressway in the city of Philadelphia, Philadelphia County, Pennsylvania.

6. At the aforesaid time and place, Plaintiff was operating a 2018 Grand Cherokee in the right eastbound lane of Interstate 76 and had control of his vehicle, which was slowing due to traffic ahead.

7. At the aforesaid time and date, Defendant Pew was operating Defendant JDT's tractor-trailer under the DOT authority of Defendant JDT and was operating under the provisions of the Federal Motor Carrier Safety Regulations ("FMCSR").

8. At the aforesaid time and date, Defendant Pew was operating a 2004 Peterbilt 379 Freightliner tractor trailer weighing approximately 52,000 (plus) lbs. and pulling a loaded trailer, which trailer was also owned by Defendant JDT, and was proceeding in an easterly direction at a high, unsafe rate of speed in the right lane of Interstate 76 trailing behind the vehicle that was operated by Plaintiff.

9. Both Defendants knew or should have known that according to the National Highway Traffic Safety Administration (NHTSA), I-76 is considered one of the most dangerous roads in this country, and despite this knowledge Defendant Pew recklessly, wantonly, and intentionally drove his tractor trailer in traffic at a high / unsafe rate of speed.

10. Defendant Pew knew of Interstate 76's questionable conditions, like frequent congestion and construction – along with aggressive, careless drivers – which he knew made I-76 a particularly dangerous road to travel.

11. Both Defendants knew or should have known that tractor trailers, and specifically Defendants' 52,000 lb. tractor trailer, are one of the most dangerous vehicles on the road, according to the Federal Motor Carrier Safety Association.

12. At the aforesaid time and place, while Plaintiff's vehicle was traveling within the speed limit in relation to the flow of traffic, he was struck so violently from behind by Defendants' tractor and trailer operated by Defendant Pew, that the severe impact drove Plaintiff's car into another vehicle a couple of car lengths in front of Plaintiff, causing serious and severe injuries to Plaintiff.

13. Plaintiff alleges that the Defendant driver recklessly created a high degree of risk by driving the 52,000 lb. tractor trailer, which he knew would take longer to bring to a stop, saw brake lights from vehicles up ahead, and continued to recklessly travel at an excessive speed, and that his actions were in deliberate disregard or indifference to that risk to Plaintiff and other drivers, when he operated an overloaded tractor trailer truck at an excessive, unreasonable and imprudent rate of speed so that the truck was unable to stop, resulting in injuries to Plaintiff.

14. At all times relevant hereto, all Defendants, were acting within the scope of their employment and/or business purposes and activities for which JDT was organized and all Defendants acted independently and/or in concert with and/or through its servants, agents, workmen and/or employees, and/or as agents, servants, workmen and/or employees of each other when Defendants caused the injuries to Plaintiff hereinafter described.

15. All the acts alleged to have been done or not to have been done by any or all of the Defendants were done or not done by said Defendants, their agents, servants, and/or employees all of whom were acting within the scope of their authority with and on behalf of said Defendants.

## CAUSES OF ACTION

## COUNT I

## NEGLIGENCE, GROSS NEGLIGENCE

**(Alleged against all Defendants)**

16. Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

17. Defendants had a duty to Plaintiff to not create an unreasonable risk of harm and to operate the 52,000 lb. tractor-trailer responsibly.

18. Defendants also had a duty to exercise a standard of care.

19. Defendants had a duty not to harm Plaintiff and the other drivers on the highway.

20. Defendants breached the duty of care, and the aforesaid accident was a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of Defendants, as set forth herein, whose driver, Pew, while operating the 52,000 lb. tractor-trailer under the DOT authority of Defendant JDT, was acting under the direction and control of JDT; and was within the course and scope of his employment as an agent, servant, employee and/or workman of JDT:

   a. In failing to keep a proper lookout for traffic, including Plaintiff, who had slowed in traffic on the roadway;

   b. In failing to have his tractor-trailer unit under proper control before violently colliding into the rear of the vehicle operated by the Plaintiff;

   c. In failing to stop the tractor-trailer unit before colliding into the rear of the vehicle operated by the Plaintiff;

   d. In failing to properly operate his brakes so as to avoid collision with the rear of the vehicle operated by the Plaintiff;

   e. In failing to operate the tractor-trailer unit free of distractions;

   f. In failing to observe the conditions of the roadway;

   g. In failing to observe traffic conditions on the roadway;

   h. In failing to observe vehicles on the road for traffic;

   I. In failing to come to a complete stop before colliding with the vehicle operated by the Plaintiff;

   J. In failing to properly sound his horn in sufficient time to give Plaintiff notice of Defendant Pew's position;

k. failing to maintain an assured clear distance so as to be able to bring his vehicle to a complete stop before impacting the rear of the vehicle operated by the Plaintiff;

l. In following too closely for conditions then and there existing on Interstate 76;

m. **Intentionally, outrageously, and recklessly:**

  1. driving his 52,000 lb. tractor trailer at an unsafe speed and at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards and traffic patterns existing on the roadway which caused a substantial risk of harm to Plaintiff and other drivers in smaller vehicles on the highway;

  2. operating his 52,000 lb. tractor trailer at a speed greater than would permit him to bring his 52,000 lb. tractor trailer to a stop within the assured clear distance ahead;

  3. failing to drive his 52,000 lb. tractor trailer at a safe and appropriate speed when approaching vehicles that were slowed for traffic on the roadway;

  4. failing to take heed of hazards existing on the roadway which required vehicles on the roadway to come to a stop;

  5. failing to yield the right-of-way;

  6. violating the provisions of 75 Pa. C.S. § 3361, driving 52,000 lb. tractor trailer at an unsafe speed, for which he received a citation;

n. In failing to anticipate the slowing or stopping of the 52,000 lb. tractor trailer operated by the Plaintiff;

o. In operating his 52,000 lb. tractor trailer in careless disregard for the safety of other drivers on the road, including the Plaintiff;

p. In operating the 52,000 lb. tractor trailer when he was not in a proper physical or mental condition to do so;

q. In failing to inspect, repair, service and/or otherwise maintain the 52,000 lb. tractor trailer he was driving in a safe and proper working condition;

r. In traveling at an excessive rate of speed under the circumstances then and there existing;

Case ID: 210900392

s.  In failing to maintain proper control of the tractor-trailer unit so as to avoid impacting the 52,000 lb. tractor trailer operated by the Plaintiff;

t.  In failing to take precautions in the operation of the tractor-trailer unit so as to avoid the collision with the vehicle operated by the Plaintiff;

u.  In failing to operate his tractor-trailer unit in accordance with the Federal Motor Carrier Safety Regulations;

aa.  In failing to have appropriate qualifications and licensure.

bb.  In violating both the written and unwritten policies, rules, guidelines, and regulations of the Defendant, JDT and the Federal Motor Carrier Safety Association.

cc.  In failing to adjust the operation of the tractor-trailer unit in light of the roadway conditions then and there existing; and

dd.  Acting with a conscious disregard of the rights of Plaintiff and other drivers on the highway, which such action warrants the imposition of punitive damages;

ee.  Unlawfully, recklessly, intentionally, wantonly, negligently, and carelessly and in violation of Defendants' duty to operate its 52,000 lb. tractor trailer safely and provide a safe traveling environment for other drivers, including Plaintiff; and

ff.  Defendant Pew failed to, *inter alia*, properly observe the road, apply his brakes, operate his vehicle to avoid a collision, maintain control over his vehicle, drive at appropriate speeds for conditions, and remain attentive, all of which constitutes reckless behavior.

gg.  Defendant Pew had a subjective appreciation of the risk of harm to which the plaintiff was exposed and acted, or failed to act, in conscious disregard of that risk.

21.  Defendant Pew violated Pennsylvania law which provides that [n]o person shall drive a vehicle at a speed greater than is *reasonable and prudent under the conditions having regard to the actual and potential hazards then existing*, nor at a speed greater than will permit the driver to bring his [or her] vehicle to a stop within the assured clear distance ahead.

22. Defendant Pew violated the assured clear distance ahead rule which required Pew to control the speed of his or her vehicle so that he will be able to stop within the distance of *whatever may reasonably be expected to be within the driver's path.*

23. Defendant Pew knew, or had reason to know, that recklessly driving his 52,000 lb. tractor trailer at an unsafe speed created a high degree of risk of physical harm to Plaintiff and others, and he deliberately proceeded to drive at an unsafe speed, in conscious disregard of, or indifference to, that risk.

24. As a proximate cause of Defendants' reckless disregard and outrageous conduct and negligent acts and omissions, individually, jointly, and severally, Plaintiff endured and continues to endure extreme physical suffering, as well as the pain and suffering and mental anguish and additional and continued medical and psychological treatment and economic loss.

25. Plaintiff continues to suffer from post-traumatic stress disorder and anxiety as a result of long-standing health concerns and continued distress surrounding the injuries sustained in the accident, which he continues to suffer.

26. As a proximate result of Defendants' conduct, Plaintiff has also incurred actual, incidental, and consequential damages according to proof.

27. The aforesaid accident was a direct and proximate result of the negligence, carelessness, recklessness, and reckless indifference of Defendant JDT and Pew consisting of the following particulars:

   a. In failing to properly train, monitor and supervise its drivers and /or employees, including Pew;

   b. In entering into an agreement with Pew to operate the aforesaid tractor-trailer unit even though it knew or should have known that Pew was not properly qualified and/or trained;

   c. In failing to adopt or enforce manuals and training procedures with respect to operators of its 52,000 lb. tractor trialer;

    d.    In failing to adequately maintain its vehicles;

    e.    In failing to adequately develop or maintain an effective auditing system;

    f.    In failing to monitor and regulate the hours of service and speed of its driver;

    g.    In failing to discipline Pew when it knew or should have known that his time logs were not properly prepared;

    h.    In encouraging and/or permitting Pew to drive in a fatigued condition; and

    i.    In allowing drivers who were physically or mentally unable to safely operate motor vehicles to operate the 52,000 lb. tractor-trailer units upon the highways of the Commonwealth of Pennsylvania, including I-76.

28.    As a direct and proximate result of the negligence of all Defendants, Plaintiff sustained the following serious injuries, some or all of which are of a permanent nature:

    a.    Severe neck pain;

    b.    Cervical pain with pain radiating to his head, upper-back, lower back, hips and knees;

    c.    Right arm numbness;

    d.    Right arm pain;

    e.    Difficulty with mobility of right arm;

    f.    Loss of strength of right arm;

    g.    Concussion;

    h.    Post-concussion Syndrome;

    1.    Posttraumatic Stress Disorder;

    j.    Severe Headaches;

    l.    Nausea;

    m.    Dizziness;

  n. Short term memory loss;

  o. Concentration deficits;

  p. Severe Anxiety;

  q. Fatigue.

  r. Depression.

  s. Severe shock, strain or sprain of the nerves, muscles, tissues, ligaments, and vessels of the musculoskeletal system; and

  t. Other serious and permanent injuries the exact nature of which is not known at this time.

29. As a direct and proximate result of the negligence, carelessness and recklessness and reckless indifference of the Defendants, the Plaintiff, has sustained the following damages:

  a. Plaintiff had endured and will continue to endure great pain, suffering, inconvenience and loss of enjoyment of life;

  b. Plaintiff's general health, strength and vitality have been impaired.

  c. Plaintiff has been embarrassed and humiliated.

  d. Plaintiff has sustained significant loss of earnings and will continue to suffer a loss of earning capacity in the future; and,

  e. Plaintiff has been and will be required to expend large sums of money for medical attention, surgeries, hospitalizations, medical supplies, medical appliances, medicines and various other medical services.

## COUNT II

## NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

## DEFENDANT JERSEY DEVIL TRUCKING, LLC

30. Plaintiff incorporates by reference the allegations above as more fully set forth herein.

31. Defendant JDT entrusted a tractor-trailer to its employee-driver, Defendant Pew, without ascertaining his ability to operate the vehicle safely, despite the obvious risk of highly probable harm that would follow if Defendant Pew operated the 52,000 lb. tractor trailer negligently and recklessly.

32. Defendant JDT failed to properly supervise its employee-driver, Pew, regarding the appropriate operation of the vehicle in compliance with the FMSCR.

33. Defendant JDT continued to employ Pew despite knowing, among other things that he lacked the proper qualifications and training and that it failed:

   a. to properly train Pew before allowing him to operate the Defendants' 52,000 lb. tractor trailer truck and

   b. failed to ensure its employees, including Pew, complied with the rules, laws, and regulations governing the operation of commercial vehicles in violation of FMSCA.

34. As a direct result of Defendants' actions and as a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer severe personal injuries and mental anguish and incurred actual, incidental, economic and consequential damages, according to proof.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in the amount in excess of one million ($1,000,000.00) dollars, plus costs, prejudgment interest, post judgment interest, and any other costs this court deems appropriate, including:

1. For compensatory damages, according to proof;

2. For punitive damages, as to each of the Defendants, in an amount determined to be appropriate according to proof;

3. For exemplary damages as to each of the Defendants, in an amount determined to be appropriate according to proof;

4. For reasonable statutory attorney's fees and costs according to proof;

5. For costs of suit; and

6. For such other and further relief as the court may deem proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

ROBERTSON RUBENS & ASSOCIATES

By *Johnny Robertson, Esquire*
JOHNNY ROBERTSON, ESQUIRE
1845 Walnut Street, 21st Floor
Philadelphia, Pa 19103
Attorneys for Plaintiff, Ettore Dragone