# EXHIBIT E

Scimone v. Nationwide Mutual Insurance Company, Slip Copy (2021)

2021 WL 3173163

2021 WL 3173163
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Vanessa A. SCIMONE, Plaintiff,
v.
NATIONWIDE MUTUAL
INSURANCE COMPANY, Defendant.

Civil Action No. 21-728
|
Signed 07/27/2021

**Attorneys and Law Firms**

Richard G. Talarico, Woomer & Talarico, LLC, Pittsburgh, PA, for Plaintiff.

Michael A. Hamilton, Goldberg Segalla LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM ORDER

W. Scott Hardy, United States District Judge

*1 Plaintiff Vanessa A. Scimone commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania by filing a Writ of Summons. (See Docket No. 1-1). On June 3, 2021, Defendant Nationwide Mutual Insurance Company filed a Notice of Removal seeking to remove the action to this Court on the basis of diversity jurisdiction. (See Docket No. 1, ¶¶ 18-24). In the Notice of Removal, Defendant asserts it "learned that [Plaintiff's] writ arises from a claim for alleged personal injuries [she] suffered while on the premises of Nationwide's insureds Roosters Roadhouse, Inc., Jeanette M. Payne, and Bruce Payne," and "later learned that the allegations against it arise from [a] Consent Judgment" entered into between Plaintiff and Roosters. (Id., ¶¶ 2, 7, 15). Defendant acknowledges that "[Plaintiff] has not filed a complaint in the Allegheny County Court of Common Pleas and removal may yet be premature. Nationwide is removing this case now out of an abundance of caution based on the recent dismissal of the non-diverse defendants and its understanding that this action arises from the Consent Judgment, which exceeds the jurisdictional limit of $75,000." (Id., ¶ 16, n.2).

Initially, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (stating that a "court can raise *sua sponte* subject-matter jurisdiction concerns."). Although Plaintiff has not challenged subject matter jurisdiction by filing a motion to remand, the Court concludes that removal is premature and the case must be remanded to the state court.

The statute governing the procedure for removing a case to federal court provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Third Circuit Court of Appeals has held that a writ of summons is not an " 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). "[B]ecause the "initial pleading" described in § 1446(b) is a complaint, not a summons, an action cannot be removed until a complaint has been filed." *Geromichalos v. Cascade Eng'g, Inc.*, Civ. No. 20-3164, 2020 WL 4060300, at *2 (E.D. Pa. July 20, 2020) (citations omitted); *see also Estate of Kempf v. Washington County*, No. 2:15-cv-00486-TFM, 2015 WL 1651051, at *1 (W.D. Pa. Apr. 14, 2015) ("[T]he removal deadline is triggered only by the filing of a complaint; where no complaint has been filed ... removal is improper.") (internal quotation marks and citations omitted). As such, removal of a writ of summons alone is premature because a court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." *Gervel v. L & J Talent*, 805 F. Supp. 308, 309 n.4 (E.D. Pa. 1992).

*2 As stated, Defendant seeks to remove a writ of summons, not a complaint. (See Docket No. 1-1). Without a complaint, Defendant is unable to meet its burden to establish that this Court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction."); *Gervel*, 805 F. Supp. at 309 n.4. Indeed, Defendant acknowledges that removal "may yet be premature." (Docket No. 1, ¶ 16, n.2). Accordingly, because Defendant's Notice of Removal is premature, the Court will remand this matter to state court. *See* 28 U.S.C. § 1447(c)

Scimone v. Nationwide Mutual Insurance Company, Slip Copy (2021)

2021 WL 3173163

("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (finding remand appropriate even when "it appears *likely* that once complaints have been filed the state-court actions will be removable") (emphasis in original).

For the forgoing reasons, IT IS HEREBY ORDERED that this case is REMANDED forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania. This ruling is without prejudice to Defendant's right to remove the action, if appropriate, after Plaintiff has filed a complaint in state court.

**All Citations**

Slip Copy, 2021 WL 3173163

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Campbell v. Oxford Electronics, Inc., Not Reported in F.Supp.2d (2007)
2007 WL 2011484

2007 WL 2011484
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Bobby CAMPBELL et al., Plaintiffs
v.
OXFORD ELECTRONICS, INC. et al., Defendants.

Civil Action No. 07–0541.
|
July 5, 2007.

**Attorneys and Law Firms**

Robyn Lori Goldenberg, Saltz, Mongeluzzi, Barrett & Bendesky, PC, Philadelphia, PA, for Plaintiffs.

Adrian Joseph Gordon, Edelman & Dicker LLP, Andrew Louis Salvatore, McKissock & Hoffman, P.C., Philadelphia, PA, Kristen E. Dennison, Campbell Campbell Edwards & Conroy PC, Wayne, PA, for Defendants.

MEMORANDUM AND ORDER

PRATTER, District Judge.

**\*1** This action was initially filed in the Court of Common Pleas of Philadelphia County and was removed to this Court. Plaintiffs now move to remand to the state court.

In accordance with Rule 1007 of the Pennsylvania Rules of Civil Procedure, [1] Plaintiffs commenced this action by filing a praecipe for a writ of summons on November 28, 2006. The summons and the praecipe were served on certain defendants on January 8, and on the remaining defendants on January 9, 2007. [2] On January 23, 2007, defendant Worldwide Flight Services Inc. filed in the Court of Common Pleas a Rule on Plaintiffs to file a complaint. On February 8, 2007, before Plaintiffs filed a complaint in state court, defendant Ford Motor Company removed this action here (Docket No. 1). The basis of removal was diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Thereafter, on February 26, 2007, defendants Oxford Electronics Inc., Worldwide Flight Services Inc., and Vinci Airports USA, Inc. each filed a notice of consent to removal, and Global Ground Support LLC and Air T, Inc. filed their consents on March 1,

2007 (Docket Nos. 3–7). As of the date of this Memorandum and Order, to the Court's knowledge, Plaintiffs have not filed or served a complaint in this action.

In support of their motion to remand, Plaintiffs argue that the Defendants did not unanimously remove the action following service of the summons within the 30–day period required under 28 U.S.C. § 1446(b). This first paragraph of this provision provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). [3] Plaintiffs argue that, because the Defendants were served with the summons on January 8 and 9, and the Defendants did not unanimously consent to remove this action until March 1, 2007, Defendants' notice of removal was filed outside the 30–day limit.

Plaintiffs' Motion to Remand will be granted, but not for the reason that Plaintiffs espouse.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date on which the defendant is served with an "initial pleading." Our Court of Appeals has ruled that a summons may not serve as an "initial pleading" for purposes of 28 U.S.C. § 1446(b). *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 222 (3d Cir.2005). [4] The initial pleading described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Sikirica,* 416 F.3d at 222; *Polanco v. Coneqtec Universal,* 474 F.Supp.2d 735, 737 (E.D.Pa.2007) (Bartle, C.J.). [5]

2007 WL 2011484

*2 Where, as here, the defendant is served with a summons but has not been served with a complaint, the 30–day period has not begun to run. Conversely, under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days *after* the date on which the defendant is served with an "initial pleading." Thus, removal is not proper until a complaint has been served on the defendants. Accordingly, because Plaintiffs here have not served a complaint, Defendants' notice of removal was not too late, it was too early. As such, Plaintiffs' Motion to Remand will be granted and this action will be remanded to the Court of Common Pleas.[6]

Finally, in the proposed order that the Plaintiffs submitted with their motion papers, Plaintiffs request that the Court order the Defendants to pay all costs associated with remanding this action to state court. Whether to award a plaintiff attorney's fees and costs incurred as a result of the removal is a matter within the discretion of the court. *Landman v. Borough of Bristol,* 896 F.Supp. 406, 409–10 (E.D.Pa.1995) (*citing Scheidell v. State Farm Fire & Cas. Co.,* No. 91–2695, 1991 U.S. Dist. LEXIS 6922, at * 3 (E.D.Pa. May 14, 1991). Awarding attorney's fees and costs is usually limited to situations where nonremovability is obvious or where a defendant did not act in good faith. *Id.* (*citing Scheidell,* 1991 U.S. Dist. LEXIS 6922, at * 3 (citations omitted). In their motion to remand and memorandum of law, Plaintiffs do not cite to any legal standard or underlying facts in this case to support their request for fees and costs. Neither of the justifications for an award of fees and costs as referenced above is present here, and, accordingly, Plaintiffs' request for attorney's fees and costs will be denied.

## CONCLUSION

Upon consideration of the Plaintiffs' Motion to Remand (Docket No. 7), the Defendants' responses thereto (Docket Nos. 9, 13–14), and Plaintiffs' reply (Docket No. 12), for the reasons stated above, it is **ORDERED** that Plaintiffs' Motion for Remand (Docket No. 7) is **GRANTED**, and this action shall be remanded to the Court of Common Pleas of Philadelphia County. Each party shall pay its own attorney's fees and costs associated with the remand.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 2011484

## Footnotes

1    Under Rule 1007, an action may be commenced by filing with the prothonotary in state court either (1) a praecipe for a writ of summons or (2) a complaint. Pa. R. Civ. P. 1007.

2    The praecipe for writ of summons included the name and mailing address for each of the parties, and identified the action as a "Product Liability/Negligence Action with the amount in controversy greater than $150,000." On the face of the praecipe, it appeared that the Plaintiffs were of diverse citizenship from all of the Defendants. The summons itself set forth the names and addresses of the parties, and gave notice that Plaintiffs have "commenced an action against you [Defendants]." The summons did not provide any indication of the nature of the claims or the amount of damages. Plaintiffs also filed and served with the summons and praecipe a document entitled "Civil Cover Sheet," which like the praecipe, listed the names and addresses of all the parties, stated that the amount in controversy was more than $150,000, and that the action was a "product liability" and "other personal injury" action.

3    The second paragraph of 28 U.S.C. § 1446(b) only applies if the initial pleading does not set forth the grounds for removal. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir.2005). The second paragraph provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b).

4    In adopting this view, the court of appeals followed the Supreme Court's decision in *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344, 351, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Murphy Brothers,* the Supreme Court considered whether a complaint sent by facsimile, but not formally served on the defendant, could provide notice of removability under the first paragraph of 28 U.S.C. § 1446(b). *Murphy Bros., 526 U.S.* at 347–48. The plaintiff argued the 30–day removal period started when the complaint was faxed because the statute provides that the period starts "after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading." 28 U.S.C. § 1446(b) (emphasis added). The Supreme Court rejected the plaintiff's argument, holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., 526 U.S.* at 347–48; *see Sikirica,* 416 F.3d at 221 (citing same).

5    As noted above, *supra* note 2, the Civil Cover Sheet identified the action as sounding in product liability and personal injury. However, it did not provide any further details about the claims. The Civil Cover Sheet is not mentioned in the Pennsylvania Rules of Civil Procedure. It is a creature of the Local Civil Rules of the Court of Common Pleas of Philadelphia County. *See* Philadelphia Civ. R. 205.2(b). Its purpose appears to be to facilitate the administration of the court's docket and possibly provide useful statistical information. *Polanco,* 474 F.Supp.2d at 736 n. 1. Whatever ministerial importance a Civil Cover Sheet may have, it is not a writ of summons, praecipe, or complaint. *Id.* It cannot be used to commence an action under Pennsylvania law and is not deemed a pleading under Pennsylvania law. *Id.; see* Pa. R. Civ. P. 1007 (providing that an action may be commenced by filing a praecipe for a writ of summons or a complaint); Pa. R. Civ. P. 1017(a) (providing that the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto).

6    In the case where a defendant is served with a summons and the complaint is filed at a later date, the 30 day period commences from the time the defendants received a copy of the complaint. *Polanco,* 474 F.Supp.2d at 737 (*citing Murphy Bros., 526 U.S.* at 354). In their motion to remand, Plaintiffs argue that the action had to be removed within 30 days after January 8 or 9, 2007, when the summons, praecipe, and Civil Cover Sheet were served. Plaintiffs assert that at this point defendants had sufficient information to know that federal subject matter jurisdiction existed, and that they were required to unanimously remove this action within 30 days of service of the summons.

    As the court of appeals' holding in *Sikirica* makes clear, Plaintiffs' arguments in this regard are misplaced. The "initial pleading" that must be filed in order to trigger the 30–day removal window under 28 U.S.C. § 1446(b) is the complaint, notwithstanding the fact that Plaintiffs included in their praecipe a four-word description of the claims and the statement that the damages they sought exceeded $150,000. Defendants' overly cautious invocation of removal procedures is not unusual, even though it is now unwarranted. Indeed, Plaintiffs' counsel's own argument as to why the removal was improper demonstrates why defense counsel would have erred on the side of caution. Previously, the law in the Third Circuit was "that § 1446(b) requires defendants to file their Notices of Removal within 30 days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction ...." *Foster v. Mut. Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 54 (3d Cir.1993). Under *Foster,* the praecipe Plaintiffs served in this case arguably could have provided the Defendants with adequate notice of federal jurisdiction. However, *Foster* is no longer the law in this circuit. In *Sikirica,* our Court of Appeals declared that the Supreme Court had implicitly overruled *Foster* with its decision in *Murphy Brothers. Sikirica,* 416 F.3d at 223 ("We therefore hold that *Murphy Bros.* implicitly overruled *Foster,* and a writ of summons alone can no longer be the "initial pleading" that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)."). The court of appeals cited the Supreme Court's analysis of the legislative history of Section 1446(b), "in which Congress stated its intent to eliminate the situation wherein a defendant who has not received the complaint must decide whether to remove 'before he knows what the suit is about.' " *Id.* at 222 (*quoting Murphy Bros., 526 U.S.* at 352). The court of appeals noted that Pennsylvania rules do

Campbell v. Oxford Electronics, Inc., Not Reported in F.Supp.2d (2007)

2007 WL 2011484

not require that a summons state the nature of the action and the relief sought. *Id.* at 222–23 (*citing* Pa. R. Civ. P. 1351). The model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. *Id.* (*citing* Pa. R. Civ. P. 1351). The court of appeals held that this minimal information is insufficient to notify the defendant what the action is about. *Id.* As noted above, the writ of summons in this case contained no information about the nature of the action; it was only the praecipe and the Civil Cover Sheet that contained any such information. The rule announced in *Sikirica,* holding that the complaint is the "initial pleading" for purposes of the removal statute, therefore, relieves a defendant from having to ascertain whether removal is proper based on, for example, a summons or praecipe containing a mere four-word description of the action and an assertion that the amount in controversy exceeds the federal jurisdictional minimum.

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 7769736
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Erica **INTZEKOSTAS**, as Attorney-
in-Fact for Zena **Intzekostas**

v.

**ATRIA** CENTER **CITY**, **Atria** Senior
Living, Inc., WG Center **City** SH, LLC
and WG SG Senior Living Holdings LLC

CIVIL ACTION NO. 20-5540
|
Filed 12/29/2020

**Attorneys and Law Firms**

Ian T. Norris, Reddick Moss, PLLC, Philadelphia, PA, for
Erica **Intzekostas**.

Barbara A. O'Connell, Sweeney & Sheehan, Philadelphia,
PA, for **Atria** Center City, **Atria** Senior Living, Inc., WG
Center City SH, LLC.

## MEMORANDUM

Savage, District Judge

*1  Moving for remand of this action removed from the
state court on the basis of diversity of citizenship pursuant to
28 U.S.C. §§ 1332, 1441 and 1446, the plaintiff argues that
removal was untimely because the defendants did not remove
the action within thirty days of service of the complaint. The
defendants contend they removed the case within thirty days
of ascertaining the amount in controversy when they received
the plaintiff's settlement demand several months later.

We conclude that the complaint provided notice that the
amount in controversy exceeds $75,000.00. Accordingly,
because the thirty-day removal period was triggered when the
defendants received the complaint, removal two months later
was untimely. Therefore, we shall remand the action.

## Background

On March 6, 2020, the plaintiff, Erica **Intzekostas**, as
attorney-in-fact for her mother Zena, commenced this action

in the state court against the owners and operators of
**Atria** Center **City** ("**Atria**"), the assisted living facility
where Zena resided for approximately one year. Between
March 16 and May 5, 2020, the three removing defendants,
**Atria** Center **City**, **Atria** Senior Living, Inc. and WG
Center **City** SH, LLC,[1] were each served with a writ
of summons. On July 27, 2020, the plaintiff filed the
complaint, together with certificates of merit in support of
her professional liability claims for nursing home negligence.
The defendants implicitly acknowledge that they received the
complaint on July 27, 2020, the date it was filed in state
court.[2] Counsel entered an appearance for the defendants on
September 8, 2020.[3] One month later, on October 9, 2020,
plaintiff's counsel emailed a demand of $2,500,000.00.[4] The
defendants removed this action on November 6, 2020.

According to the complaint, Zena was admitted to **Atria's**
secured dementia unit for assistance with activities of daily
living and supervision of her medical care for cognitive
impairment and other medical conditions. Zena suffered
multiple assaults by other residents and received negligent
medical care, resulting in numerous severe injuries. The
plaintiff avers that the defendants knew or should have
known that Zena was at risk of assault by other residents
and they negligently failed to prevent and investigate
resident altercations. She also claims they were negligent
in providing medical care, including a failure to properly
manage, care for, monitor, document, chart, prevent, diagnose
and treat Zena's medical conditions and injuries. She
claims the defendants committed professional and corporate
negligence by mismanaging, under-funding and understaffing
the facility, failing to train and supervise their employees, and
failing to formulate, implement or enforce adequate policies
and procedures to protect Zena and meet her needs.

*2  The complaint details Zena's injuries and asserts a claim
for punitive damages. In the *ad damnum* clause, the plaintiff
requests that judgment be entered "in an amount in excess of
the compulsory arbitration limits [of] Fifty Thousand Dollars
($50,000.00) ... together with punitive damages."[5]

In the notice of removal filed more than three months after
receiving the detailed complaint, the defendants contend that
the "case stated by the Complaint was not removable" because
the complaint "alleged only that the amount in controversy
exceeded the compulsory arbitration limits of $50,000.00."[6]
They assert that the case was not removable until they
received the plaintiff's settlement "demand in excess of

$75,000.00." They argue that because they filed their removal notice within thirty days of receipt of the settlement demand, removal was timely. [7]

After reviewing the notice of removal and the complaint, we ordered the parties to submit memoranda of law addressing whether the notice of removal was filed late and whether the action should not be remanded to the state court. The defendants reiterate their position that because the plaintiff "only ... requests judgment in her favor in excess of the ... $50,000.00" state court arbitration limit, the complaint "does not state an amount in controversy that exceeds $75,000.00." [8] They maintain that the amount-in-controversy requirement was not satisfied until they received the plaintiff's "demand in excess of $75,000.00." [9] They ignore the allegations relating to the nature of the injuries.

Noting the severe physical and emotional injuries alleged in the complaint together with the claim for punitive damages, the plaintiff contends that the case was removable when the complaint was filed. She argues that based on a reasonable reading of the value of the claims in the complaint, it is apparent that the amount in controversy "easily" exceeds the jurisdictional threshold. [10] She maintains that the October 9, 2020 demand is irrelevant [11] because the defendants were on notice of the value of the claims when the complaint was filed and served on July 27, 2020. The defendants did not remove the case until November 6, 2020. [12]

### Discussion

To remove a civil action, the defendant must file the notice of removal within thirty days of receipt of the initial pleading or within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing 28 U.S.C. §§ 1446(b)(1) and (3)). A removal notice

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based.

**\*3** *Id.* § 1446(b)(1).

Generally, the complaint is the initial pleading triggering the thirty-day period. A summons is not an "initial pleading" for purposes of removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222-23 (3d Cir. 2005) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). A complaint must provide notice of the grounds for federal diversity jurisdiction. *Sikirica*, 416 F.3d at 223. If the allegations in the complaint do not provide the requisite notice, the thirty-day period does not start running until a defendant receives a pleading or other paper from which the basis for federal jurisdiction can be ascertained. 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3).

The parties disagree when the thirty-day period for removing the case started running. The answer to the question depends on whether the defendants knew or should have known from reading the complaint that the amount in controversy exceeds $75,000.00.

Where "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2) (A)(ii)-(B). In that case, the removal notice must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

The defendant does "not need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart*, 574 U.S. at 88-89 (citing H.R. Rep. No. 112–10, p.16 (2011) to amended § 1446). The removing defendant's plausible allegation that the amount in controversy exceeds $75,000.00 is accepted unless the plaintiff contests or the court questions it. If it is contested or questioned, the parties may submit proof. "The court then decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88-89 (citing § 1446(c)(2)(B)).

Because Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated,[13] the plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration. Thus, we review the removal notice and the complaint to determine whether the amount-in-controversy requirement has been met by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

*How to Assess the Amount in Controversy*

In removal cases, the court determines the amount in controversy from a reading of the complaint filed in the state court. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)). *See also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "[W]e look only to the four corners of the pleading to see if it informs the reader, to a substantial degree of specificity, that all elements of federal jurisdiction are present." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 n.10 (3d Cir. 2016) (citation and internal quotation marks omitted).

**\*4** When the complaint does not make a demand for a precise monetary amount, the court must "independently appraise" the claim's value to determine if it satisfies the amount-in-controversy requirement. *See Angus*, 989 F.2d at 146. It does so from a "reasonable reading of the value of the rights being litigated." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 (3d Cir. 2016) (quoting *Angus*, 989 F.2d at 145-46).

The "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto–Owners Ins. Co.*, 835 F.3d at 395, 397 (quoting *Angus*, 989 F.2d at 146). At the same time, estimates of the total amount of damages must be "realistic," and the inquiry into whether the amount in controversy is met "should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

To determine the nature and extent of the damages to be awarded, we look to state law. We are "required to apply state law in converting the categories to monetary sums." *Samuel-Bassett*, 357 F.3d at 398 (citing *Horton*, 367 U.S. at 352-53).

If punitive damages are available for one or more causes of action asserted in the complaint under state law, they are properly considered in determining the amount in controversy. *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). However, if the allegations supporting the punitive damages claim are "patently frivolous and without foundation," or the claim "comprises the bulk of the amount in controversy," we cannot consider them in our calculation. *Packard*, 994 F.2d at 1046. Thus, we look beyond the narrow confines of the *ad damnum* clause and consider the entire complaint.

The question here is whether the complaint put the defendants on notice that the amount in controversy exceeds $75,000.00. If it did, section 1446(b)(1)'s thirty-day removal clock started running on July 27, 2020, when the defendants received the complaint, making August 26, 2020 the deadline for removal. If the complaint did not provide notice of the amount in controversy, under section 1446(b)(3)'s "other paper" language, the settlement demand made on October 9, 2020 triggered the thirty-day removal period. In that event, the removal within thirty days was timely.

We conclude the complaint informed the defendants "to a substantial degree of specificity" that the value of the plaintiff's claim exceeded $75,000.00. Quoting extensively from the hospital and nursing home medical records, the complaint details the nature and severity of Zena's injuries, which include hip and arm fractures, facial bruising, wounds and infections, dehydration, malnutrition and medication errors, requiring numerous visits to the hospital.

The complaint also asserts a claim for punitive damages, alleging that the defendants' conduct was "intentional, outrageous, willful, wanton and exhibited a reckless indifference to [Zena's] health and well-being." A reasonable person would not consider the claim for punitive damages "patently frivolous and without foundation" in light of the conduct alleged in the complaint. Based on a "reasonable reading of the value" of the plaintiff's claims, we find, by a preponderance of the evidence, that the complaint informed the defendants to a substantial degree of specificity that the amount in controversy exceeds $75,000.00.

**\*5** The defendants' contention that the complaint must demand at least $75,000.00 to satisfy the amount in controversy is incorrect. Section 1446(c) of the removal statute contemplates the precise situation here where the state practice does not permit a demand for a certain sum and permits the plaintiff to request damages in excess of a certain amount. [14] The number $75,000.00 has no relevance to the

state court. The arbitration threshold of $50,000.00 does. It determines whether the case is eligible for arbitration. It does not determine the amount in controversy or the value of the claim.

### Conclusion

The complaint informed the defendants "to a substantial degree of specificity" that the value of the plaintiff's claim exceeded $75,000.00. The defendants did not remove the action until 102 days after they received the complaint. Therefore, because the removal was untimely, we shall remand the action.

**All Citations**

Slip Copy, 2020 WL 7769736

### Footnotes

1   The removing defendants assert that the fourth defendant, WG SG Senior Living Holdings, LLC, is not an existing entity and/or is not related to the facility at issue. Not. of Removal (Doc. No. 1) ¶ 6. Because the plaintiff does not dispute this, *see* Pl.'s Memo of Law (Doc. No. 6) at 5, we refer to the three removing defendants as "the defendants."

2   *See* Not. of Removal ¶ 4. Because the defendants were served with process via writs of summons, service of the complaint was effectuated once it was filed and the plaintiff provided them with a copy of it via hand delivery, mail or fax. *See* Pa. R. Civ. P. 440.

3   *See* state court docket.

4   Not. of Removal ¶ 12 and Ex. "E" (Doc. No. 1-5 at ECF 41).

5   Compl. (Doc. No. 1-5) ¶¶ 43-86 and ECF 37.

6   Not. of Removal ¶ 12.

7   Not. of Removal ¶ 12 and Ex. "E" (Doc. No. 1-5 at ECF 41).

8   Defs.' Memo of Law (Doc. No. 5) at ECF 2.

9   Defs.' Memo of Law at ECF 2.

10  Pl.'s Memo of Law at 5.

11  According to the plaintiff, the defendants are relying on the plaintiff's demand to "circumvent their failure" in timely removing the action. Pl.'s Memo of Law at 3.

12  Pl.'s Memo of Law at 4-6.

13  *See* Pa. R. Civ. P. 1021(b).

14  The defendants rely on *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674 (E.D. Pa. 2018), *Sultan v. AIG Cas. Ins.*, No. CV 20-935, 2020 WL 4584174 (E.D. Pa. Aug. 10, 2020) and *White v. Gould*, No. CIV. A. 91-6531, 1992 WL 7032 (E.D. Pa. Jan. 9, 1992). Although the complaints in those cases "contained the same *ad damnum* clause ... seeking an amount in excess of $50,000," they involved pre-suit, not post-complaint communications. They are not applicable.

Intzekostas v. Atria Center City, Slip Copy (2020)

**End of Document**
© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Hatchigian v. State Farm Ins. Co., Not Reported in F.Supp.2d (2013)

2013 WL 3479436

2013 WL 3479436
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

David HATCHIGIAN, Plaintiff,
v.
STATE FARM INSURANCE COMPANY, Defendant.

No. 13–2880.
|
July 11, 2013.

**Attorneys and Law Firms**

David Hatchigian, Havertown, PA, pro se.

Katherine Cole Douglas, Philadelphia, PA, for Defendant.

*MEMORANDUM*

*1  BUCKWALTER, Senior District Judge.

Currently pending before the Court is Plaintiff David Hatchigian's Motion to Remand. For the following reasons, the Motion is denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case centers around a settlement payment that Defendant State Farm Insurance Company ("State Farm") provided to Plaintiff David Hatchigian's attorney representing him in a prior lawsuit. (Compl.¶ 6.) Plaintiff claims that State Farm breached its duty from the settlement agreement in the prior lawsuit by improperly delivering the funds to his attorney under a mistaken assumption the attorney was entitled to a lien on the settlement. (*Id.* ¶¶ 6, 15-16, 22, 30.) The Complaint itself is silent as to the actual amount owed, but an attached letter to the Complaint states that the attorney withheld $13,500 from Plaintiff out of the settlement State Farm provided. (Compl. Ex. C., Aug. 6, 2010 Letter from Stuart Lurie to Ann Walter re: David Hatchigian ("Lurie Letter").

Plaintiff filed the instant action in the Philadelphia Court of Common Pleas on April 18, 2013, alleging claims for (1) declaratory relief as to the duty of good faith, (2) breach of contract, (3) breach of the implied covenant of good faith

and fair dealing, (4) bad faith, (5) negligence, and (6) unjust enrichment. On May 23, 2013, Defendant removed the case to this Court. Plaintiff filed a Motion for Remand on June 11, 2013. Defendant filed a Response in Opposition on June 26, 2013. The Court will now consider the merits of the Motion.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. *See* 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." *Winnick v. Pratt,* No. Civ.A.03–1612, 2003 WL 21204467, at *2 (E.D.Pa. May 20, 2003) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. *Cook v. Soft Sheen Carson, Inc.,* No. Civ.A.08–1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.,* 7 F.3d 329, 352 (3d Cir.1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. *Kimmel v. DeGasperi,* No. Civ.A.00–143, 2000 WL 420639, at *1 (E.D.Pa. Apr.7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); *N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc.,* No. Civ.A.04–5030, 2005 WL 1279091, at *5 (E.D.Pa. May 25, 2005). When considering such a motion, "any doubts about the existence of federal jurisdiction must be resolved in favor of remand." *Lumbermans Mut. Cas. Co. v. Fishman,* No. Civ.A.99–929, 1999 WL 744016, at *1 (E.D.Pa. Sep. 22, 1999) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992)); *see also Boyer,* 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987)).

Hatchigian v. State Farm Ins. Co., Not Reported in F.Supp.2d (2013)

2013 WL 3479436

**III. DISCUSSION**

*2  In the instant action, State Farm removed this case to federal court pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Section 1332 governs diversity actions in federal court and provides as follows: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Thus, in order for a case solely involving state law claims to be heard in federal court on account of diversity jurisdiction, two elements must be satisfied: (1) there must be complete diversity of citizenship among the parties; and (2) the disputed amount must be greater than $75,000.

Plaintiff moves to remand the case to state court by arguing it fails to meet the $75,000 amount in controversy requirement. The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112–63, clarified the standard for satisfying the amount in controversy when a case is removed to federal court. Codified at 28 U.S.C. § 1446(c) (2), it states that a district court uses a preponderance of the evidence standard in determining the amount in controversy. Preponderance of the evidence means " 'proof to a reasonable probability that jurisdiction exists.' " Frederico v. Home Depot, 507 F.3d 188, 196 n. 6 (3d Cir.2007) (quoting Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir.1993)). The court may look to the notice of removal to determine the amount in controversy where the complaint fails to assert a monetary amount associated with the requested relief. Frederico, 507 F.3d at 196 (citing Morgan v. Gay, 471 F.3d 469, 474 (3d Cir.2006)). "The court must measure the amount 'not ... by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.' " Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir.2002) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir.1993)). Estimations of the total damage must be realistic and not based on "fanciful 'pie-in-the-sky' or simply wishful amounts." Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir.2004).

In the current case, Plaintiff contends that he is only owed the $13,500 that was withheld from the original settlement of $30,000, which is well below the $75,000 threshold. Defendants counter that Plaintiff is seeking punitive damages through his bad faith claim, which are properly considered in determining the amount in controversy. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir.1993).

As Defendants concede, in this case, punitive damages would have to be more than four times the disputed amount of $13,500 to cross the $75,000 threshold. In Harvey v. United States Life Ins. Co., No. Civ.A.08–2175, 2008 WL 2805608, at *2 (E.D.Pa. Jul.18, 2008), the Court found that the claim satisfied the amount in controversy where only $14,000 were requested in compensatory damages. In finding such, the Harvey court noted the United States Supreme Court's admonition that due process concerns restrict an award of punitive damages beyond a single-digit multiplier, and that an award of four times the compensatory damages might be skirting the line of constitutional impropriety. Id., citing State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Here, too, we are cognizant that an award of such punitive damages may be unlikely, but, as the court in Harvey noted, such an award is not a fanciful or a "pie-in-the-sky" request. Harvey, 2008 WL 2805608 at *2. As such, we find that the amount in controversy in this case exceeds $75,000 and, accordingly, deny Plaintiff's Motion to Remand.

**IV. CONCLUSION**

*3  For the foregoing reasons, Plaintiff's Motion to Remand is denied. When considering Plaintiff's requested punitive damages, the amount in controversy exceeds $75,000, and this court has proper diversity jurisdiction.

An appropriate Order follows.

*ORDER*

AND NOW, this 11th day of July, 2013, upon consideration of the Motion by Plaintiff David Hatchigian to Remand (Docket No. 6) and Defendant State Farm Insurance Company's Response in Opposition (Docket No. 7), it is hereby **ORDERED** that the **Motion is DENIED.**

It is so **ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 3479436

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 93942
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Ahmed **SHARAWI**

v.

**WWR PREMIER HOLDINGS, LLC**

CIVIL ACTION NO. 19-5133
|
Filed 01/07/2020

**Attorneys and Law Firms**

Marc F. Greenfield, Spear, Greenfield & Richman, PC, Philadelphia, PA, for Ahmed **Sharawi**.

Nicholas M. Donzuso, Dilworth Paxson, Cherry Hill, NJ, for **WWR PREMIER HOLDINGS, LLC.**

## MEMORANDUM

SURRICK, J.

\*1 Presently before the Court is Plaintiff's Motion to Remand to State Court. (ECF No. 3.) For the following reasons, Plaintiff's Motion will be denied.

## I. BACKGROUND

On December 10, 2018, Plaintiff filed a premises liability action against Defendant in the Philadelphia County Court of Common Pleas. Plaintiff alleged that on January 13, 2018, a hole in the ground on Defendant's property caused him to trip, which in turn caused him to sustain certain bodily injuries and the aggravation of pre-existing conditions, including bilateral knee sprain, bilateral knee hypertension, and left ankle sprain. Plaintiff asserted one count seeking damages "in an amount not in excess of Fifty Thousand ($50,000.00) Dollars." (Compl., ECF No. 1 Ex. A.) Plaintiff did not request punitive damages or attorney's fees. (Id.) The amount requested was within the court's arbitration limit, thus rendering the case subject to mandatory, court-administered arbitration. (Id.; Notice of Removal ¶ 4, ECF No. 1.) See also 42 Pa. Cons. Stat. § 7361 (governing compulsory arbitration); Pa.R.C.P. 1301-13 (same); Punzak v. Allstate Ins. Co., No. 07-1052, 2007 WL 1166087, at \*3 n.3 (E.D. Pa. Apr. 16, 2007) (explaining compulsory arbitration process in Philadelphia Court of Common Pleas).

On April 17, 2019, Plaintiff filed an Amended Complaint. It appears that the only substantive change from the original Complaint was the addition of several photographic exhibits that were not attached to the original Complaint. (Am. Compl., ECF No. 1 Ex. C.)

On May 21, 2019, in response to Defendant's discovery requests, Plaintiff served various medical records on Defendant. (ECF No. 3 Ex. D.) Among these records was an orthopedic progress report by Dr. Mark D. T. Allen, dated June 11, 2018. According to the report, Plaintiff had two MRIs done on April 25, 2018. An MRI of his lumbar spine revealed several disc protrusions and a disc bulge. An MRI of his right knee showed a torn medial meniscus. (Id.) Based on his physical examination, Dr. Allen also indicated: decreased range of motion and pain in the lumbar spine; tenderness at the left ATFL (anterior talofibular ligament); posttraumatic lumbosacral spine sprain and strain; lumbar radiculopathy; left ankle sprain; and left knee contusion. (Id.) Dr. Allen's report states that "[i]t remains my opinion, based on a reasonable degree of medical certainty, that these conditions are a direct result of the accident of January 12, 2018." (Id.)[1] He recommended continued therapy, arthroscopic knee surgery, and prescription medication for the pain. (Id.)

On August 14, 2019, during his deposition, Plaintiff asserted that he was seeking $15,000.00 in lost wages. (Plaintiff's Dep. 74, ECF No. 3 Ex. E.) He also testified that he was expecting to undergo a knee replacement. (Id. at 165-66.) This deposition testimony suggests that the knee replacement would be in lieu of arthroscopic knee surgery. On August 16, 2019, Plaintiff served additional medical records on Defendant. (ECF No. 3 Ex. F.)

\*2 An arbitration was held on September 12, 2019. (Report & Award of Arbitrators, ECF No. 1 Ex. E; Notice of Removal ¶ 9.) According to the materials that Plaintiff submitted at the arbitration, he was seeking $8,271.15 in lost wages and $11,168.39 for medical expenses. (ECF No. 3 Ex. G.) The arbitration panel found in favor of Defendant. (Report & Award of Arbitrators, ECF No. 1 Ex. E; Notice of Removal ¶ 9.) On October 3, 2019, Plaintiff filed a Notice of Appeal of the arbitration panel's decision and demanded a trial by jury. (Notice of Appeal, ECF No. 1 Ex. F.)

On October 25, 2019, Defendant asked the Plaintiff to sign a stipulation confirming that the total damages at issue

Sharawi v. WWR Premier Holdings, LLC, Not Reported in Fed. Supp. (2020)

in the suit were limited to $75,000.00. (October 25, 2019 Correspondence, ECF No. 1 Ex. G; November 1, 2019 Correspondence, ECF No. 4 Ex. A.) Defendant advised that he would seek to remove the matter to federal court if Plaintiff did not execute and return the stipulation by October 31, 2019. (October 25, 2019 Correspondence.) On November 1, 2019, Plaintiff rejected Defendant's request. In so doing, Plaintiff advised Defendant that in light of the discovery exchanged months prior, Plaintiff's medical records, Plaintiff's August 14, 2019 deposition, Plaintiff's arbitration materials, and the evidence presented at the arbitration hearing, the time to remove under 28 U.S.C. § 1446 had passed. (November 1, 2019 Correspondence.)

That same day, Defendant filed a Notice of Removal, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal.) According to Defendant, "Plaintiff's failure to execute the [stipulation] along with Plaintiff's amendment to discovery responses setting forth a claim for lost wages as well as the need for a future surgical procedure confirm that the amount in controversy is in excess of $75,000.00." (*Id.* ¶ 14.) Plaintiff filed a Motion to Remand on November 12, 2019 (ECF No. 3), and Defendant filed a response on November 26, 2019. (ECF No. 4.)

## II. DISCUSSION

### A. Statutory Framework Governing Removal in Diversity Actions

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a) (1).[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal...." 28 U.S.C. § 1446(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*3 28 U.S.C. § 1446(c)(2).

Normally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[3] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

### B. The Amount in Controversy Exceeds $75,000

The parties dispute two issues: (1) whether the requisite amount in controversy has been met for purposes of diversity jurisdiction; and (2) whether Defendant timely filed its Notice of Removal within 30 days of the date on which it could "first be ascertained" that the case had become removable. *See* 28 U.S.C. § 1446(b)(3). We first consider whether the amount in controversy has been met.

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004); *accord* 28 U.S.C. § 1446(c)(2) (stating that subject to two exceptions, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in

controversy"). Here, the *ad damnum* clause in Plaintiff's one-count Amended Complaint specifically requested "an amount not in excess of Fifty Thousand ($50,000.00) Dollars." Generally, however, "*ad damnum* clauses do not limit the amounts recoverable in state court." *Wilson v. Walker*, 790 F. Supp. 2d 406, 409 (E.D. Pa. 2011). Moreover, although the demand in Plaintiff's *ad damnum* clause may have triggered a damages cap for purposes of Pennsylvania court-administered compulsory arbitration proceedings, once a plaintiff demands a trial after arbitration, he "may seek more than $50,000 in damages." *Id.* (citing *Vanden-Brand v. Port Auth. of Allegheny Cnty.*, 936 A.2d 581, 584 (Pa. Commw. Ct. 2007)); *Scaife v. CSX Transp., Inc.*, No. 19-60, 2019 WL 3353727, at *4 n.7 (W.D. Pa. July 25, 2019). However, several courts in this District have determined that "the mere possibility that a plaintiff *could* recover more than $75,000 from an appeal of a compulsory arbitration is insufficient to prove that the amount in controversy does exceed $75,000." *See, e.g., Coates v. Nationwide Ins. Co.*, No. 12-4031, 2013 WL 5224004, at *4 & n.6 (E.D. Pa. Sept. 16, 2013) (internal quotations omitted) (collecting cases). We agree. Accordingly, we must look further to determine whether the amount in controversy has been sufficiently established.

*4 Where, as here, state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" in a complaint, the defendant may assert an amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2).[4] In that situation, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *See* 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). The defendant bears the burden of proof on this issue and "must justify its jurisdictional assertions with some objective, factual basis." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (internal citation omitted). " '[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.' " *Congregation of Beth Israel of Mahanoy City v. Congregation Eitz Chayim of Dogwood Park*, No. 16-1671, 2017 WL 3392353, at *3 (M.D. Pa. Aug. 7, 2017) (quoting

*Samuel-Bassett*, 357 F.3d at 403). "The court must measure the amount 'not ... by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.' " *Id.* (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)). When conducting this analysis, "doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 403.

Plaintiff's Amended Complaint alleges that as a result of Defendant's negligence, Plaintiff suffered "serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions." (Am. Compl. ¶ 8.) Plaintiff's medical records reveal that as a result of this fall, Plaintiff had an MRI of his right knee and an MRI of his neck and back. The MRI of the right knee revealed a torn medial meniscus that will require future surgery that may include knee replacement. The MRI of the back revealed bulges in the discs of the lumbar spine at L2-L3 and L3-L4, and disc protrusions at L1-L2, L4-L5, and L5-S1, which are causing lumbar radiculopathy and decreased range of motion. Plaintiff is receiving shots and medications for this back pain and he has been advised that surgery is an option. Plaintiff also suffered a contusion of the left knee and a sprain of the left ankle.

When we consider the serious nature of the injuries sustained by Plaintiff in this fall, the pain and suffering that Plaintiff has had to endure and will continue to endure in the future as a result of those injuries, the fact that Plaintiff is going to have to undergo surgery in the future on his right knee, the fact that Plaintiff is continuing to receive treatment for the pain related to the herniated discs in his back, the medical expense that he has already incurred and will undoubtedly incur in the future, the lost earnings that he has already incurred and will undoubtedly incur in the future, and the fact that at the time of his deposition Plaintiff had already incurred more than $20,000 in lost earnings and medical expenses, it is perfectly reasonable to estimate that the amount recoverable by Plaintiff will exceed $75,000.

### C. Defendant Timely Filed Its Notice of Removal

*5 Since we have concluded that the minimum amount in controversy has been established, we must now determine if Defendant filed its Notice of Removal "within 30 days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [had] become removable." *See* 28 U.S.C. § 1446(b) (3). Plaintiff contends that Defendant had until September

13, 2019 to file the Notice of Removal because by that date, Defendant had in its possession all of the discovery and other information that was probative of the amount in controversy. (See Pl. Br. 12-13, ECF No. 3.) We agree with Plaintiff that Defendant was in possession of all of the material bearing on the amount in controversy by mid-September 2019—more than 30 days before the Notice of Removal was filed—but we disagree with Plaintiff's suggestion that the 30-day clock under 28 U.S.C. § 1446(b)(3) began to run from that time.

"Courts of this district have consistently held that cases subject to compulsory arbitration under Pennsylvania law may not be removed for lack of federal jurisdiction." *Foster v. Home Depot Inc.*, No. 05-1999, 2006 WL 470596, at *2 (E.D. Pa. Feb. 24, 2006) (collecting cases); *Echevarria v. Schindler Elevator Corp.*, No. 14-2411, 2015 WL 356942, at *3 (E.D. Pa. Jan. 26, 2015); *see also Weddington v. Strawbridge's*, No. 08-3359, 2008 WL 4522483, at *2-3 (E.D. Pa. Oct. 2, 2008) ("[A] case subject to compulsory arbitration in Pennsylvania is incapable of satisfying the Section 1332(a) amount in controversy requirement."). Accordingly, had Defendant attempted to remove this action before the arbitration award was appealed on October 3, 2019, we would have had to remand it. *See Foster*, 2006 WL 470596, at *3. Once Plaintiff appealed the arbitration decision, however, "the jurisdictional limitation imposed by § 7361 no longer applied" and the case became "subject to removal." *See id.*; *see also Weddington*,

2008 WL 4522483, at *3 ("[I]f the eventual arbitration outcome were to be appealed by either party, the jurisdictional limitation of the state compulsory arbitration law would no longer apply, and damages evidence might support removal at that time."). In other words, the Notice of Appeal, "in conjunction with the injuries plead[ed] in Plaintiff's Complaint, the discovery that Defendants received ... and the deposition of Plaintiff, constituted 'other paper' within the meaning of the removal statute" and "alerted Defendant[ ] to the fact that the verdict risk in this case now exceeded $75,000." *See Foster*, 2006 WL 470596, at *3.

Defendant filed its Notice of Removal on Friday, November 1, 2019, less than 30 days after Plaintiff filed his Notice of Appeal on October 3, 2019. The Notice of Removal was timely under 28 U.S.C. § 1446(b)(3).

### III. CONCLUSION
For the foregoing reasons, Plaintiff's Motion to Remand will be denied.

An appropriate order follows.

### All Citations
Not Reported in Fed. Supp., 2020 WL 93942

### Footnotes

1   Clearly Dr. Allen was referring to the January 13, 2018 accident.
2   The parties do not dispute diversity of citizenship. They only dispute the amount in controversy.
3   This exception to the 30-day rule does not apply where the basis of jurisdiction is diversity under 28 U.S.C. § 1332 and "more than 1 year" has passed since the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Because Defendant removed this case within a year of commencement, this section does not apply.
4   The Pennsylvania Rules of Civil Procedure do not allow plaintiffs to demand a specific sum where, as here, damages are not fixed. See Scaife, 2019 WL 3353727, at *4 (citing Pa. R. C. P. 1021(b)) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."). Pennsylvania law also permits recovery in excess of the amount demanded in the complaint, at least in cases, like this one, in which the plaintiff initially alleges damages below a compulsory arbitration limit, but later appeals the arbitration award and seeks a full trial. See id. at *4 n.7; Wilson, 790 F. Supp. 2d at 409.

    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Brent v. First Student, Inc., Slip Copy (2020)

KeyCite Yellow Flag - Negative Treatment
Distinguished by Adamov v. Liberty Insurance, E.D.Pa., March 9, 2021

2020 WL 2545328
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Trenise **BRENT**, et al., Plaintiffs,
v.
**FIRST STUDENT**, INC., et al., Defendants.

CIVIL ACTION NO. 19-6023
|
Signed May 20, 2020

**Attorneys and Law Firms**

Thomas J. Gibbons, Gibbons Legal PC, Philadelphia, PA, for Plaintiffs.

Daniel J. Gillin, Victoriya Stolyar, Landman Corsi Ballaine & Ford, Philadelphia, PA, for Defendants.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge

**I. Introduction**

  *1  Plaintiffs move to remand this case to state court, arguing that the Court lacks diversity jurisdiction because there is no diversity of citizenship and the amount in controversy does not exceed $75,000. But the only named defendant is a corporation, which as such is a citizen of two states—the state of incorporation, Delaware, and its principal place of business, Ohio—while Plaintiffs are citizens of Pennsylvania. And the extensive injuries alleged by at least one plaintiff make the amount in controversy greater than $75,000 to a legal certainty. Thus, while remand may be appropriate if the allegedly nondiverse John Doe defendant is joined to the case, it is not appropriate at this time.

**II. Factual Background**

Plaintiffs, Trenise **Brent** and Tyshe Harvey, filed a personal injury complaint in the Court of Common Pleas, seeking to recover damages resulting from a motor vehicle collision. The defendants in the complaint are **First Student**, a Delaware corporation with a principal place of business in Ohio, and John Doe, a fictitious name for the operator of the motor vehicle that allegedly caused the collision. The complaint alleges damages not exceeding $50,000 in the ad damnum clause, making the case eligible for Pennsylvania's compulsory arbitration program. [1]

Despite the $50,000 ad damnum clause, Plaintiffs allege extensive damages resulting from the injuries sustained in the collision at issue. **Brent** alleges permanent physical injuries, headaches, anxiety, loss of earnings, and loss of earning capacity. **Brent's** medical records show extensive injuries, including four cervical disc protrusions that have so far required multiple steroid injections. **Brent's** outstanding medical bills currently total $17,791. And Harvey alleges the same extent of injuries as **Brent**. Harvey's injuries have also been corroborated by medical records, which indicate traumatic cervical, thoracic, and lumbar sprains or strains. So far, Harvey's outstanding medical bills total $8,870.

Defendant **First Student** removed the case to federal court, alleging complete diversity and an amount in controversy in excess of $75,000. Subsequently, the parties submitted a proposed stipulation that the case be remanded to the Court of Common Pleas and "that the 30 day period to remove ... shall begin on the date [that] a Notice of Appeal of an arbitration award is entered." The Court rejected this stipulation because it was effectively not binding and stipulations must be binding. See ECF No. 9.

Now Plaintiffs move to remand, arguing that there is no diversity of citizenship and that the amount in controversy does not exceed $75,000. They point out that the John Doe defendant has been identified and destroys diversity jurisdiction, but they do not move to formally join him to the action. They also argue that the amount in controversy does not exceed $75,000 because the ad damnum clause is limited to $50,000 and the case is eligible for Pennsylvania's compulsory arbitration program.

**III. Legal Standard**

  *2  The Court has diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a).

The removing party bears the burden of demonstrating that the district court has jurisdiction over the case. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, 28 U.S.C. § 1441 is to be strictly construed against removal. La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 344 (3d Cir. 1974). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand is evaluated under the "same analytical approach" as a Rule 12(b)(1) motion challenging subject matter jurisdiction. See Papp v. Fore-Kast Sales Co., 842 F.3d 805, 811 (3d Cir. 2016) ("A challenge to subject matter jurisdiction under Rule 12(b)(1) [or a motion to remand] may be either a facial or a factual attack." (quoting Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016))).

## IV. Discussion

The Court currently has jurisdiction over this case because there is complete diversity of citizenship and at least one plaintiff's claims exceed $75,000. But joinder of the allegedly nondiverse John Doe defendant may destroy diversity.

### A. Diversity of Citizenship

There is currently diversity of citizenship because the alleged nondiverse party has not yet been joined to the litigation. While diversity may be destroyed if the nondiverse party is joined to the litigation, Plaintiffs must first join this party before seeking remand on that basis.

Diversity jurisdiction requires complete diversity, and "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state." Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). But when a case is removed, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).[2] Yet "when a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010–11 (3d Cir. 1987).

Because the John Doe defendant has only been named as a fictitious party, the Court cannot consider his citizenship.[3]

Instead, for purposes of determining eligibility for remand, this John Doe defendant must be formally joined as a non-fictitious party before the Court considers whether he destroys complete diversity.[4] At this point, however, a challenge to complete diversity fails because the notice of removal alleges complete diversity between Plaintiffs and First Student, and those are the only non-fictitious parties, so they are the only parties considered for diversity jurisdiction. Therefore, there is complete diversity between the named parties.[5]

### B. Amount in Controversy

*3 The amount in controversy exceeds $75,000 in that the injuries alleged are extensive and of a permanent nature. And the $50,000 ad damnum clause, which triggers the state compulsory arbitration program, does not compel remand.

The party asserting diversity jurisdiction bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000 to a legal certainty. Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395 (3d Cir. 2016). The amount is measured "by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993). And "[i]n general, the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy." Auto–Owners Ins., 835 F.3d at 395. But if the claims of one plaintiff meet the amount in controversy requirement, the court may exercise supplemental "jurisdiction over the claims of plaintiffs permissively joined." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 560 (2005).

Here, the damages alleged, at least by Brent, show to a legal certainty that the jurisdictional amount in controversy is met. The injuries claimed are serious and permanent. Allegations of serious and permanent physical injuries resulting in "loss of earnings and impairment of earning capacity and medical costs" are sufficient to establish that the jurisdictional minimum is met. Hocker v. Klurfield, No.15-cv-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015).[6] Further, the medical record evidence of required treatment already amounts to $17,791 in medical expenses for Brent. And Plaintiffs' refusal to stipulate to a damages cap of $50,000 undercuts their claims about the amount in controversy.[7]

Ultimately, Plaintiffs do not factually contest the amount in controversy. Instead, Plaintiffs argue that the ad damnum clause, triggering the arbitration program, compels remand here.

It is well settled that an ad damnum clause below $75,000 does not by itself compel remand,[8] so the real issue here is whether eligibility for the arbitration program compels remand. In seeking remand, Plaintiffs rely on case law suggesting that a case that is eligible for Pennsylvania's compulsory arbitration program must be remanded.[9] But there are also cases in this district holding that Pennsylvania's arbitration program does not compel remand.[10] Thus, courts are "divided over whether a Pennsylvania plaintiff can avoid removal by limiting her claim to no greater than $50,000 and having her claim referred to compulsory arbitration." Espinosa v. Allstate Ins. Co., No. 07-cv-0746, 2007 WL 1181020, at *4 n.4 (E.D. Pa. Apr. 16, 2007).

*4 The more persuasive cases are those holding that eligibility for arbitration does not compel remand. This is so because the arbitration program does not cap damages in that it does not limit the plaintiff's recovery. A cap is a "limit on the recovery." Cap, Black's Law Dictionary (10th ed. 2014). And while the arbitration program cannot award more than $50,000 in damages,[11] the program does not prevent the ultimate recovery of damages greater than $50,000 if the arbitration award is appealed.[12] The compulsory arbitration program provides that "all cases having an amount in controversy ... of $50,000 or less shall be assigned to the Compulsory Arbitration Program." Phila. Civ. R. 1301. Neither the Rule nor the Statute providing for compulsory arbitration provide that a party may not ultimately recover more than $50,000, and "Pennsylvania courts have not construed that statute as creating a $50,000 damages cap." Wilson, 790 F. Supp. 2d at 409.[13]

Thus, while a plaintiff may agree to limit its own damages to avoid federal diversity jurisdiction—a sort of self-imposed damages cap—Plaintiffs have refused to enter such a binding stipulation here.[14] So, the Court must look to the actual value of the claims, and at least Brent's claims exceed $75,000 to a legal certainty.[15]

**V. Conclusion**

Plaintiffs' motion to remand is denied because there is diversity of citizenship and at least one plaintiff's claims meet the amount in controversy requirement.

An appropriate Order follows.

**All Citations**

Slip Copy, 2020 WL 2545328

**Footnotes**

1    The judicial districts of Pennsylvania may set local rules requiring civil cases with amounts in controversy less than $50,000 to be submitted to an arbitration panel. 42 Pa. Con. Stat. § 7361. Philadelphia's Court of Common Pleas has adopted this arbitration requirement. Phila. Civ. R. 1301.

2    See Brooks v. Purcell, 57 F. App'x 47, 51 (3d Cir. 2002) ("[W]e believe that Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained.").

3    See McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008) ("We have no occasion here to apply these principles to the district court's decision, because Mrs. McPhail never attempted to amend her complaint."); cf. Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 541 (6th Cir. 2006) ("Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time.").

4    See Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001) ("[W]e hold that § 1441[ (b)(1) ] applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants.").

5    One outstanding issue, on which there is no direct guidance from the Third Circuit, is whether the Court may exercise its discretion to refuse joinder of the previously unidentified defendant to retain jurisdiction. Compare Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 422 (3d Cir. 2010) ("Accordingly, we hold that Pyrotecnico is a dispensable party to this action and we will exercise our Rule 21 authority to dismiss

Pyrotecnico on appeal, thus restoring complete diversity in this case."), and Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC, 358 F. Supp. 3d 426, 439 (E.D. Pa. 2018) ("Therefore, Defendant Huntingdon is not indispensable and can be dropped pursuant to Rules 19 and 21 in order to preserve this Court's diversity jurisdiction over this matter."), with Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 674 (1st Cir. 1994) ("Here, as we explain below, Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."). See also 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). The Court need not decide this issue until the Plaintiffs attempt to join the allegedly nondiverse party.

6    See Ciglar v. Ruby Tuesday, Inc., No. 09-cv-239, 2009 WL 737367, at *5 (E.D. Pa. Mar. 19, 2009) ("[The amount in controversy requirement is met where] Plaintiff alleges that he has suffered 'serious and permanently disabling injuries,' requiring repeated doctors' visits, multiple MRIs, and six months of physical therapy consisting of 'spinal manipulation, manual traction, deep tissue massage, hydrotherapy, and exercise therapy.' "); Ciancaglione v. Sutherlin, No. 04-cv-2249, 2004 WL 2040342, at *3 (E.D. Pa. Sept. 13, 2004) ("[The jurisdictional minimum is met where] as a result of the accident Plaintiff suffers from 'right central disc protrusions at C5–C6 and to a greater degree at C6–C7,' with radiating pain and numbness, and that Plaintiff has 'suffered permanent injuries' and 'may require additional therapy or ultimately surgical intervention' in the future.").

7    Lee v. Walmart, Inc., 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("[A] plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum.").

8    Morgan v. Gay, 471 F.3d 469, 475 (3d Cir. 2006) ("Key to the present matter is that the plaintiff's pleadings are not dispositive under the legal certainty test. This Court's task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims.").

9    See Sharawi v. WWR Premier Holdings, LLC, No. 19-cv-5133, 2020 WL 93942, at *5 (E.D. Pa. Jan. 7, 2020) ("Accordingly, had Defendant attempted to remove this action before the arbitration award was appealed on October 3, 2019, we would have had to remand it."); Foster v. Home Depot Inc., No. 05-cv-1999, 2006 WL 470596, at *2 (E.D. Pa. Feb. 24, 2006) ("Courts of this district have consistently held that cases subject to compulsory arbitration under Pennsylvania law may not be removed for lack of federal jurisdiction.").

10   See Pecko v. Allstate Ins. Co., No. 16-cv-1988, 2016 WL 5239679, at *3 (E.D. Pa. Sept. 22, 2016) ("Accordingly, the Court will not treat the fact that § 7361 caps damages at $50,000 as dispositive...."); Wilson v. Walker, 790 F. Supp. 2d 406, 409 (E.D. Pa. 2011) ("Although the Morgan Court reiterated the 'legal certainty' test set out in Samuel–Bassett, the Court did not hold that a plaintiff's invocation of Section 7361's $50,000 limit is alone dispositive of the amount-in-controversy question." (citing Morgan, 471 F.3d at 474)).

11   See, e.g., Delamater v. Norgren Kloehn, Inc., No. 14-cv-0008, 2014 WL 671039, at *2 (M.D. Pa. Feb. 21, 2014) ("Pennsylvania law gives effect to ad damnum clauses, explicitly limiting the recovery amount of cases designated for compulsory arbitration.").

12   Vanden-Brand v. Port Auth. of Allegheny Cty., 936 A.2d 581, 584 (Pa. Commw. Ct. 2007) ("[A]ppeals from an arbitration award, like the one taken by Vanden–Brand, are de novo, and, as such, a new trial is to be conducted without conditions placed upon the trier of fact with respect to assessing damages according to arbitration limits.").

13   See also Pecko, 2016 WL 5239679, at *3 ("This Court is persuaded by the courts in this District finding that § 7361 'merely creates a jurisdictional trigger [for arbitration] and is not a substantive recovery limit.' " (quoting Hodges v. Walgreens, No. 12-cv-1162, 2012 WL 1439080, at *3 (E.D. Pa. Apr. 26, 2012))).

14   See Morgan, 471 F.3d at 474 ("The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction.").

15   To the extent only Brent's claims meet the amount in controversy requirement, it is appropriate to exercise supplemental jurisdiction over Harvey's claims because all of the claims arise out of the same motor vehicle collision and thus "form part of the same case or controversy." 28 U.S.C. § 1367(a).

Brent v. First Student, Inc., Slip Copy (2020)

**End of Document**                                   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Lewis v. FCA U.S. LLC, Not Reported in F.Supp.3d (2015)

2015 WL 3767521
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Nisheaba **LEWIS**
v.
**FCA U.S. LLC** doing business as
Chrysler Corporation Also known
as Chrysler Group **LLC**, et al.

Civil Action No. 15–2811.
|
Signed June 17, 2015.

**Attorneys and Law Firms**

Robert Land, Philadelphia, PA, for Nisheaba **Lewis**.

Keith D. Heinold, Marshall Dennehey Warner Coleman & Goggin, Christopher J. Pakuris, Margolis Edelstein, Philadelphia, PA, for **FCA U.S. LLC** et al.

*MEMORANDUM*

BARTLE, District Judge.

**\*1** Before the court is the motion of plaintiff Nisheaba **Lewis** under 28 U.S.C. § 1447(c) to remand this action to the Court of Common Pleas of Philadelphia County on the ground that defendants were untimely in removing it here from the state court. Defendants opposed the motion.

Plaintiff instituted this action by filing a writ of summons on December 22, 2014. It was served on January 5, 2015.[1] Thereafter, on March 19, 2015, plaintiff filed and served electronically a complaint for breach of warranty against defendants. She alleges she suffered serious injuries when the airbags in the Chrysler vehicle she was driving failed to deploy during a collision with another vehicle. Defendants did not file a notice of removal in this court until May 19, 2015, some sixty days after service of the complaint. *See* 28 U.S.C. § 1446(a).

Plaintiff argues that remand is required because removal did not occur within 30 days after defendants' receipt of the complaint. She relies on 28 U.S.C. § 1446(b)(1) which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

Where service of a summons takes place before the service of the complaint as happened here, the 30 day period for removal begins to run when the complaint is served. *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220–23 (3d Cir.2005).

Defendants, in arguing that removal was timely, cite § 1446(b)(3) which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendants concede that the complaint, which they received on March 19, 2015, put them on notice of the nature of plaintiff's claim for relief and of the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a). Invoking § 1446(b)(3), defendants contend that removal was timely because they did not become aware until April 29, 2015 that the plaintiff was seeking in excess of $75,000 exclusive of interest and costs, the threshold for a diversity action in federal court under § 1332(a). According to defendants, they first learned of the requisite amount in controversy not from the complaint but from the receipt of an "other paper," that is, from plaintiff's April 29, 2015 Case Management Conference Memorandum which identified damages of $125,000. May 19, the removal date, is within 30 days of April 29.

We must therefore determine whether the clock began to run under § 1446(b)(3) from the date of the receipt of plaintiff's Case Conference Memorandum or under § 1446(b)(1) from the date when the complaint was received. This, of course, depends on whether the complaint put the defendants on notice that the action was removable. The question before us is whether the defendants knew from the complaint "what the suit [was] about." *See Murphy Bros.*, 526 U.S. at 352. In *Foster v. Mutual Fire, Marine & Inland Insurance Co.*, 986 F.2d 48, 53 (3d Cir.1993), our Court of Appeals explained:

> **\*2**  The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present.

(internal quotation mark omitted).[2]

In assessing whether the complaint meets this standard for purposes of establishing the requisite amount in controversy under 28 U.S.C. § 1332(a), we look to *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In *Red Cab* the Supreme Court explained in the context of a motion to remand that the amount sought in good faith in a complaint controls for jurisdictional purposes. *Id.* at 288. A claim may be remanded for lack of subject-matter jurisdiction only when "it ... appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289; *see also Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir.2007); *Samuel–Bassett v. KIA Motors Amer.*, Inc., 357 F.3d 392, 398 (3d Cir.2004). Thus, when a defendant reviews a state court complaint to ascertain the amount in controversy for federal jurisdictional purposes, it must do so with the *Red Cab* standard in mind.

In this case, the complaint claims unliquidated damages for personal injuries "in a sum in excess of Fifty Thousand ($50,000) Dollars." Under Rule \*1301 of the Philadelphia Civil Rules, this signals that the action is not eligible for initial resolution in the court's compulsory arbitration program for smaller cases. *See also* 42 Pa. Cons.Stat. § 7361; Pa. R. Civ. P. 1301 *et seq.* Under Pennsylvania practice, it is not proper to claim any specific sum for unliquidated damages except in counties such as Philadelphia where compulsory arbitration exists. Pa. R. Civ. P. 1021(b). Even then, a plaintiff may only

state whether or not "the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." *Id.* 1021(c). In Philadelphia, the cut-off is $50,000. 42 Pa. Cons.Stat. § 7361(b); Phila. Civ. R. \*1301.

The defendants knew from the wording of the complaint that the demand for relief was "in excess of $50,000." Pursuant to Rule 1021 of the Pennsylvania Rules of Civil Procedure, plaintiff was prohibited from being any more specific in her pleading than she was. Defendants, however, must look at the entire complaint and beyond the narrow confines of its ad damnum clause seeking unliquidated damages unless it clearly appears that the clause contains a cap below the federal jurisdictional minimum. *See Frederico*, 507 F.3d at 196–97. No such cap is pleaded here.

The complaint also averred that plaintiff:

> [S]uffered serious injuries; she suffered lumbosacral sprain and strain; she suffered a trauma to the head, cerebral concussion and syndrome therefrom, including a seizure disorder; she suffered contusions, lacerations and abrasions to her face, mouth, chest, jaw and left knee; she suffered other serious orthopedic, neurological and internal injuries; she sustained arthritic and vascular changes; she suffered a severe shock and injury to her nerves and nervous system; she has required medicines, medical care and treatment for which she paid and incurred expenses; she suffered from agonizing aches, pains and mental anguish; and she has been disabled from performing her usual duties, occupations and avocations.

**\*3**  While defendants argue that plaintiff had sought amounts below $75,000 in a separate but related lawsuit, matters beyond the pleading in this action are not relevant to the inquiry. *Foster*, 986 F.2d at 53. Nor does defendants' knowledge of plaintiffs' strategies in other lawsuits affect the seriousness of the injuries alleged here.

According to defendants, an initial pleading fails to support diversity jurisdiction when it "fails to specifically allege damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy is met." The defendants have the *Red Cab* rule backwards. Rather, a defendant must read the complaint to determine whether "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Otherwise, the jurisdictional amount has been satisfied.[3]

On March 19, 2015, defendants were on notice with a substantial degree of specificity from the four corners of the complaint, that is, from the initial pleading, that plaintiff was claiming serious injuries so as to be seeking the federal threshold amount of more than $75,000. *Foster,* 986 F.2d at 53. The complaint did not show to a legal certainty anything to the contrary. *Red Cab,* 303 U.S. at 289. Thus, the removal clock began to tick under § 1446(b) (1) when the complaint was received. Defendants did not remove the action until May 19, 2015, far outside the 30–day allowable window of that subsection.

Accordingly, this action will be remanded to the Court of Common Pleas of Philadelphia County due to its untimely removal.

*ORDER*

AND NOW, this 17th day of June, 2015, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff for remand (Doc. # 4) is GRANTED. This action is REMANDED to the Court of Common Pleas of Philadelphia County.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3767521

**Footnotes**

1    The writ of summons issued under Rule 1351 of the Pennsylvania Rules of Civil Procedure contains the name and address of the plaintiff, the name and address of defendants, and a statement that the plaintiff has commenced an action against them in the Court of Common Pleas of Philadelphia County. The summons states the name of the Prothonotary and the date issued under seal and identifies the case as a "Major/Non–Jury Action" involving "Negligence, 2P. Products Liability." No further information is provided.

2    The court also stated that it is possible for sufficient notice to be provided in the writ of summons or praecipe as well as in the complaint. The part of the opinion with respect to the writ of summons and praecipe appears to have been overruled as explained in *Sikirica,* 416 F.3d at 220–23. In any event, the summons here did not provide the specificity necessary to trigger the running of the 30 day period.

3    Defendants have cited numerous unpublished opinions from this district in support of their position. See, e.g., *Judge v. Phila. Premium Outlets,* Civil Action No. 10–1553, 2010 WL 2376122 (E.D.Pa. June 8, 2010); *Bishop v. Sam's East,* Inc., Civil Action No. 08–4550, 2009 WL 1795316 (E.D.Pa. June 23, 2009). We note that none of these decisions cites *Red Cab.*

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.