IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ETTORE DRAGONE,

    *Plaintiff,*

v.

ZACHARY PEW and JERSEY DEVIL TRUCKING, LLC,

    *Defendants.*

CIVIL ACTION
NO. 22-236

**PAPPERT, J.**      August 15, 2022

## MEMORANDUM

Ettore Dragone alleges Zachary Pew rear-ended him while driving a tractor-trailer owned by his employer, Jersey Devil Trucking, LLC, at an excessive speed on the Schuykill Expressway in Philadelphia. Dragone sued Pew and Jersey Devil Trucking in the Philadelphia County Court of Common Pleas, asserting claims for negligence and gross negligence against both Defendants (count one) and negligent supervision and entrustment against Jersey Devil Trucking (count two). Dragone seeks more than $1 million in damages, including punitive (in addition to "exemplary" damages) and attorneys' fees. Defendants removed the case to federal court and then moved to dismiss Dragone's Complaint and strike certain allegations. The Court denies the Motion in part and grants it in part.

I

On September 16, 2019, Dragone was driving his Jeep Grand Cherokee in the right eastbound lane of the Schuylkill Expressway, a hazardous road with frequent traffic. (Compl. ¶¶ 5–6, 9–10, ECF 1-4.) Dragone slowed down because there was

1

traffic ahead.  (*Id.* at ¶ 6.)  Behind him, Pew was driving an overloaded Jersey Devil Trucking tractor-trailer that weighed roughly 52,000 pounds at an unsafe speed.  (*Id.* at ¶¶ 7–8, 11, 13.)  In doing so, he was acting within the scope of his employment.  (*Id.* at ¶¶ 3a-b, 14–15.)

Pew's tractor-trailer hit Dragone's Jeep, pushing it into another vehicle ahead and severely injuring Dragone.  (*Id.* at ¶ 12.)  Pew caused this collision despite seeing brake lights ahead and knowing he was driving on a dangerous road and that his tractor-trailer would take longer to stop than other vehicles.  (*Id.* at ¶ 13.)  Pew was cited for driving at an unsafe speed.  (*Id.* at ¶ 3d.)

## II

To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual content to state a claim that is facially "plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the facts pleaded permit a court to make the reasonable inference that a defendant is liable for the alleged misconduct.  *Id.*

Determining plausibility is a context-specific task requiring a court to use its judicial experience and common sense.  *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675).  The court disregards a complaint's legal conclusions, assumes well-pleaded facts—those supported by sufficient factual content to make them facially plausible—are true and then determines whether those facts plausibly entitle the pleader to relief.  *Id.*; *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  In doing so, the court construes

well-pleaded facts in the light most favorable to the plaintiff and draws reasonable inferences from them. *Connelly*, 809 F.3d at 790.[1]

III

To establish a prima facie negligence claim under Pennsylvania law, the plaintiff must plausibly show (1) a duty requiring the defendant to abide by a standard of care to protect others against unreasonable risks, (2) the defendant failed to conform to that standard, (3) a causal connection between the defendant's conduct and the resulting harm and (4) the plaintiff suffered actual damage or loss. *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). The standard of care is ordinary care a "reasonably prudent person" would observe in similar circumstances. *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009).

A

1

Dragone argues in count one that Jersey Devil Trucking's and Pew's negligence and gross negligence caused the September 16, 2019 accident. (Compl. ¶¶ 16–29.) As an initial matter, Defendants concede Dragone has adequately pleaded a negligence claim against them. (Defs' Memo of Law in Supp. of Mot. to Dismiss 6, ECF 6-1.) The only question is whether Dragone's gross negligence allegations should be dismissed.[2]

---

[1]     Defendants contend Dragone relies on incorrect pleading standards in his response to their Motion to Dismiss. (Defs' Reply in Supp. of Mot. to Dismiss 1–2, ECF 8 (citing *Conley v. Gibson*, 355 U.S. 41 (1957), *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and Pa. R. Civ. P. 1019(b)).) The Court, however, applies the proper standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See supra* Part II.

[2]     Defendants argue gross negligence cannot constitute a standalone cause of action. (Defs' Memo of Law in Supp. of Mot. to Dismiss 4, ECF 6-1.) But Pennsylvania law recognizes such a claim. *Feleccia v. Lackawanna Coll.*, 215 A.3d 3, 18–21 (Pa. 2019).

Gross and ordinary negligence differ with respect to the defendant's degree of deviation from the standard of care. *Bloom v. Dubois Regional Med. Ctr.*, 597 A.2d 671, 679 (Pa. Sup. Ct. 1991). A defendant is grossly negligent when he fails to exercise even scant care and his conduct amounts to an extreme departure from ordinary care. *Feleccia v. Lackawanna Coll.*, 215 A.3d 3, 20 (Pa. 2019). Unlike recklessness, however, gross negligence, does not involve a conscious disregard of the risk of harm. *Id.*

Dragone has adequately pleaded a gross negligence claim against both Defendants. With respect to Pew, Dragone contends he was driving an overloaded, 52,000-pound tractor-trailer at an unsafe speed on a dangerous, crowded freeway. (Compl. ¶¶ 7–11, 13.) Pew then hit Dragone's vehicle, seriously injuring him, even though Pew saw brake lights ahead, knew he was driving on a dangerous road and that his tractor-trailer takes longer to stop than other vehicles. (*Id.* at ¶¶ 12–13.)

According to Dragone, Pew failed to, *inter alia*, observe traffic, drive at a safe speed (for which he was later cited), operate his tractor-trailer without distractions or in a proper mental or physical condition, keep his vehicle under control, maintain a safe distance from Dragone's vehicle, timely stop his rig and abide by state and federal traffic regulations. (*Id.* at ¶¶ 3d, 20); *see also* 75 Pa. Stat. and Cons. Stat. § 3361 (requiring drivers to drive at a speed that is reasonable and prudent and that will allow them to stop their vehicles before ramming into others). Dragone has plausibly shown Pew's conduct constituted an extreme departure from ordinary care. *See Feleccia*, 215 A.3d at 20; *cf. Logue v. Logano Trucking Co.*, 921 F. Supp. 1425, 1427–28 (E.D. Pa. 1996).

As for Jersey Devil Trucking, the Court considers Dragone's gross negligence allegations in count one in the context of his negligent entrustment allegations in count two because the two sets of allegations overlap.  *See infra* Section III.B.[3]

B

In count two, Dragone asserts Jersey Devil Trucking negligently supervised and entrusted Pew with respect to driving one of the company's tractor-trailers.  (Compl. ¶¶ 27, 30-34.)[4]  This claim is one for direct—not vicarious—liability against Jersey Devil Trucking.  *See Green v. Pennsylvania Hosp.*, 123 A.3d 310, 316 (Pa. 2015).

An employer is liable for negligent supervision when it negligently supervises an activity, employs an improper person in work that risks harm to others or permits an employee to commit tortious conduct using instrumentalities in the employer's control. *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Sup. Ct. 2000).  An employer commits negligent entrustment when it allows an employee to use an instrumentality or engage in an activity under its control if the employer knows or should know the employee likely will do so in a manner that creates unreasonable risk

---

[3] Defendants argue Dragone alleges only five facts and otherwise asserts unsupported legal conclusions and counsel's interpretation of what occurred.  (Defs' Memo of Law in Supp of Mot. to Dismiss 5–6.)  Defendants' crabbed reading of Dragone's Complaint ignores his allegations that establish Pew and Jersey Devil Trucking are plausibly liable for negligence.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* (Pl's Resp. to Defs' Mot. to Dismiss 7, ECF 7).  Further, Defendants argue Dragone failed to present evidence in support of his Complaint, including a copy of Pew's speeding citation, documentation that Interstate 76 is a particularly dangerous road and a federal organization's statement that tractor-trailers are dangerous vehicles.  (Defs' Memo of Law in Supp of Mot. to Dismiss 6.)  Defendants confuse their Motion to Dismiss with one for summary judgment. *Compare* Fed. R. Civ. P. 12(b)(6), *with* R. 56.  As to the former, the Court must accept as true Dragone's factual allegations.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

[4] In his Complaint, Dragone describes his claim as one of "negligent failure to train and supervise."  (ECF 1-4 at 11.)  However, his allegations (and briefing) focus on negligent supervision and entrustment.  The Court must evaluate Dragone's Complaint based on its substance, not its labels.  *Garrett v. Wexford Health*, 938 F.3d 69, 81 n.17 (3d Cir. 2019).

of harm to others.  *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Sup. Ct. 1998).  Although courts generally dismiss such claims when the employee is the employer's agent, they can proceed if adequately pleaded when the plaintiff claims he is entitled to punitive damages from the employer.  *Allen v. Fletcher*, No. 07-722, 2009 WL 1542767, at *4 (M.D. Pa. June 2, 2009); *Achey v. Crete Carrier Corp.*, No. 07-3592, 2009 WL 9083282, at *8 (E.D. Pa. Mar. 30, 2009).

     As an initial matter, there is no dispute Pew was acting as Jersey Devil Trucking's agent when the accident occurred.  (Defs' Mot. to Dismiss ¶ 4, ECF 6.)  But Dragone has plausibly shown, at least for now, he may be entitled to punitive damages from Jersey Devil Trucking.  *See infra* Section III.C; *Allen*, 2009 WL 1542767, at *4; *Achey*, 2009 WL 9083282, at *8.  Moreover, Dragone contends Jersey Devil Trucking allowed Pew to drive the tractor-trailer even though he was unqualified, not properly trained and overly fatigued, failed to regulate his hours of service and speed and did not adequately maintain its tractor-trailers, among other conduct.  (Compl. ¶ 27.)  Dragone further asserts Jersey Devil Trucking trusted Pew to drive a tractor-trailer without determining whether he could do so safely, continued to employ him despite knowing he lacked the requisite qualifications and failed to monitor Pew's compliance with traffic regulations.  (*Id.* at ¶¶ 31–33.)  These allegations lack ideal specificity and detail, but at this early stage, suffice to nudge the negligent supervision and entrustment claims "across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.  The Court can reassess their viability at summary judgment.

C

Dragone seeks punitive damages from Jersey Devil Trucking and Pew. (Compl. 12–13.) These allegations are incidental to counts one and two and do not constitute claims in themselves. *See Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. Sup. Ct. 1991).

Punitive damages can be awarded for a defendant's outrageous conduct, evil motive or reckless indifference to others. *Feld v. Merriam*, 485 A.2d 742, 747 (1984). The defendant must have acted in an intentional, reckless or malicious manner, and courts must focus on his state of mind. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). A defendant acted recklessly if he subjectively appreciated—that is, knew or should have known—the risk of harm and acted in conscious disregard of it. *Id.* at 772; *Martin v. Johns-Manville-Corp.*, 494 A.2d 1088, 1097 (Pa. 1985).

Dragone has adequately pleaded he is entitled to punitive damages from both Defendants. To begin, punitive damages claims typically are not resolved at the motion to dismiss stage because they are predicated on the defendant's state of mind—an issue ordinarily appropriate for a jury to determine. *Amidon v. Goodyear Tire & Rubber Co.*, No. 18-2138, 2021 WL 7907079, at *1 (M.D. Pa. Aug. 26, 2021); *Wydra v. Bah*, No. 15-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016). Accordingly, courts regularly deny motions to dismiss punitive damages claims in motor vehicle accident cases. *Alexander v. Western Express*, No. 19-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019); *see also, e.g., Kerlin v. Howard*, No. 18-481, 2018 WL 4051702 (M.D. Pa. Aug. 24, 2018). This case is no different, and the Court need not repeat Dragone's allegations. *See supra* Sections III.A.B. He has plausibly alleged Pew and Jersey Devil Trucking

knew their conduct risked harming others, like Dragone, and acted in conscious disregard of that risk. *See Hutchison*, 870 A.2d at 770; *Martin*, 494 A.2d at 1097.[5]

IV

Under Federal Rule of Civil Procedure 12(f), parties can move to strike from a pleading any insufficient defense or matter that is immaterial, redundant, impertinent or scandalous. Such motions are disfavored and typically denied unless the allegations complicate the case or have no possible relation to it and could prejudice a party. *Giuliani v. Polyscis, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017). Striking allegations is a drastic remedy appropriate only when the purposes of justice require it. *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994).

None of the allegations in Dragone's Complaint will be struck—with two minor exceptions in his prayer for relief. First, in addition to punitive damages, Dragone seeks exemplary damages from Pew and Jersey Devil Trucking. (Compl. 13.) Exemplary damages, however, is merely a synonym for punitive damages. *Damages*, *Black's Law Dictionary* (11th ed. 2019).

---

[5] Defendants' reliance on *Boring v. Google Inc* is misplaced. 362 F. App'x 273 (3d Cir. 2010). There, plaintiffs sued Google for invasion of privacy and trespass over its photographs of their residence for the Street View feature on its Google Maps program. *Id.* at 276. In a non-precedential opinion, the Third Circuit held plaintiffs were not entitled to punitive damages because they did not allege Google engaged in outrageous, malicious, intentional or reckless wrongdoing. *Id.* at 282–83. *Boring* is factually and legally distinct from this case, where Plaintiffs allege solely negligence claims based on a violent motor vehicle accident. The Third Circuit's conclusion that the Borings could not pursue punitive damages is irrelevant to the Court's own fact-intensive punitive damages analysis. *See, e.g.*, *Rogers v. Pocono Mountain East High Sch.*, No. 21-2072, 2022 WL 3142352, at *12 (M.D. Pa. Aug 5, 2022). Moreover, Defendants make no attempt to distinguish or challenge the many cases denying dismissal of or judgment against punitive damages allegations against truck drivers and their employers. *See, e.g.*, *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 651–57 (M.D. Pa. 2009).

Second, Dragone seeks attorneys' fees. (Compl. 13.) Under Pennsylvania law, the parties are usually responsible for paying such fees. *Lucchino v. Commonwealth*, 809 A.2d 264, 282 (Pa. 2002); *see also* 42 Pa. Stat. and Cons. Stat. §§ 1726(a)(1), 2503. This general rule applies unless a statute, agreement of the parties or another exception provides otherwise. *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009). Courts strike requests for attorneys' fees when they can determine from the complaint that the plaintiff cannot recover them. *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 575 (E.D. Pa. 2020). Here, there is no basis for Dragone to recover attorneys' fees.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.